150 Pa. Commonwealth Ct. 191 (1992)
615 A.2d 870
In re UPSET PRICE TAX SALE OF SEPTEMBER 25, 1989.
John David WEILAND and Patricia Weiland, Exceptants,
v.
DELAWARE COUNTY TAX CLAIM BUREAU and MJM Financial Services, Inc.
Appeal of MJM FINANCIAL SERVICES, INC., Appellant.
In re UPSET PRICE TAX SALE OF SEPTEMBER 25, 1989.
John David WEILAND and Patricia Weiland
v.
DELAWARE COUNTY TAX CLAIM BUREAU and MJM Financial Services, Inc.
Appeal of Michael P. DIGNAZIO, Esquire, Guardian of the person and Estates of John David Weiland and Patricia Weiland, Incompetents, Appellant.
Commonwealth Court of Pennsylvania.
Argued June 16, 1992.
Decided August 24, 1992.
*192 Joel Friedman, for appellant/appellees MJM Financial Services, Inc.
Michael Diganzio, for appellees/appellants Weiland et al.
Before SMITH and KELLEY, JJ., and LORD, Senior Judge.
SMITH, Judge.
This Court must consider the appeal of MJM Financial Services, Inc. (MJM) and the cross-appeal of John David *193 Weiland and Patricia Weiland (Weilands) from the orders of the Court of Common Pleas of Delaware County finding that the Weilands failed to establish incompetency at the time of service of tax sale notices, but nevertheless setting aside the tax sale of the Weilands' property due to improper posting of the notice. Issues to be considered by this Court are whether the trial court improperly raised sua sponte the issue of inadequate posting; whether the trial court complied with the requirements of 42 Pa.C.S. § 5505 in granting the Weilands' petition for reconsideration; and whether the trial court erred in concluding that the Weilands failed to establish Patricia Weiland's incompetency at the time of notice of the tax sale.
The Weilands' home at 400 South Chester Road, Swarthmore, Pennsylvania, was sold to MJM at an upset price sale on September 25, 1989 conducted by the Delaware County Tax Claim Bureau. The Weilands thereafter filed a petition to set aside the sale and specifically alleged, inter alia, that the size, content, and placing of the posting was insufficient to provide minimum due process notice; and that because of Patricia Weiland's physical and mental infirmities she was unable to comprehend the true impact of the notice of sale and was further unable to communicate any knowledge of the notice of sale to the co-owner, her brother John David Weiland.
At the initial hearing before the trial court, the parties presented witnesses only on the issue of incompetency, although the Weilands expressly held open the issue of posting and refused to waive or stipulate that posting was sufficient. The trial court judge granted a continuance at the end of the first hearing and ordered that the notes of testimony be transcribed because the balance of the case was to be heard by another judge. After a hearing before the second judge, the trial court issued its order of April 29, 1991 finding that the Weilands failed to establish by clear and convincing evidence incompetency at the time of the tax sale notice and dismissing their petition to set aside the tax sale.
On May 6, 1991, the trial court requested that the parties attend a conference on May 13, 1991. The second judge indicated to counsel that he was reconsidering his previous *194 decision after becoming aware of the issue of posting from the record of the hearing before the first judge. The Weilands thereafter filed a motion for reconsideration which was expressly granted by order of May 28, 1991. MJM then petitioned to vacate the grant of reconsideration but the petition was denied. By order of July 2, 1991, the trial court reinstated its April 29, 1991 order to the extent that it found that the Weilands failed to establish that they were incompetent at the time of service of the tax sale notice, but nevertheless set aside the tax sale for the Bureau's failure to properly post the tax sale notice on the property in violation of Section 602(e)(3) of the Real Estate Tax Sale Law (Law), Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. § 5860.602(e)(3). MJM appealed, the Weilands cross-appealed, and their appeals were consolidated by this Court.
In tax sale cases, this Court's scope of review is limited to determining whether the trial court abused its discretion, rendered a decision with lack of supporting evidence, or clearly erred as a matter of law. Chester County Tax Claim Bureau v. Griffith, 113 Pa.Commonwealth Ct. 105, 536 A.2d 503 (1988). Section 602 of the Law sets forth three types of notice which are required for a valid tax sale: publication, certified mail, and posting. Section 602(e)(3) of the Law specifically calls for posting on the property at least ten days before the date of the sale. It is well settled in Pennsylvania that a valid tax sale requires strict compliance with the notice provisions of Section 602 and that all three types of notice are required for a tax sale to be valid; if any is defective, the sale is void. Griffith; Trussell Appeal, 102 Pa.Commonwealth Ct. 32, 517 A.2d 221 (1986). The essential principle to be considered by the courts in tax sale cases is that "it is a momentous event under the United States and the Pennsylvania Constitutions when a government subjects the citizen's property to forfeiture for the non-payment of taxes." Tracy v. County of Chester, Tax Claim Bureau, 507 Pa. 288, 297, 489 A.2d 1334, 1339 (1985).
MJM first argues that the trial court was without authority to void the sale on the basis that the property was not posted because that issue was not properly before the *195 Court for disposition. MJM alleges that the issue was never raised by the Weilands in the exceptions filed or submitted to the Court as an issue at either of the two hearings. However, as the trial court specifically noted in its opinion, it is clear that the Weilands expressly raised the posting issue in their exceptions and also refused to waive the issue at hearing before the trial court. Therefore, there was no waiver.
MJM next argues that the trial court failed to comply with the requirement of 42 Pa.C.S. § 5505[1] that modification of an order may only be made upon notice to the parties. MJM asserts that, pursuant to the statute, the trial court should not have reconsidered its order without providing prior notice and an opportunity to be heard. However, 42 Pa.C.S. § 5505 contains no requirement that the Court give the parties prior notice before modifying or withdrawing an order. "According to the statute, a court must notify the parties when it modifies or rescinds an order, but this notice does not have to be prior to the modification." Commonwealth v. Allen, 394 Pa.Superior Ct. 127, 131, 575 A.2d 131, 133, appeal denied, 526 Pa. 627, 584 A.2d 311 (1990).
Furthermore, on May 13, 1991, both counsel were present at a conference where the trial court indicated it was reconsidering its April 29, 1991 order. As the trial court noted, "[f]rom the time of that hearing until the time of the May 28 Order expressly granting reconsideration, there was sufficient time for either counsel to submit on brief why the motion should not be reconsidered." Trial Court Opinion, p. 7. Unless the trial court enters an order granting reconsideration within the thirty day appeal period, the power to grant reconsideration is lost. Department of Transportation, Bureau of Driver Licensing v. Axsom, 143 Pa.Commonwealth Ct. 99, 598 A.2d 616 (1991). The trial court's May 28, 1991 order granting reconsideration was within the thirty day appeal period and was thus not in error.
*196 With respect to the issue of posting, it is readily apparent upon review of the record that the sheriff's deputy failed to post the tax sale notice on the property. MJM does not dispute this fact, but instead attaches significance to the Weilands having received actual notice. However, the other forms of required notice under the law notwithstanding, this defect alone renders the sale void. Griffith; Trussell. Accordingly, the trial court did not err in setting aside the tax sale and its order is hereby affirmed.[2]

ORDER
AND NOW, this 24th day of August, 1992, the order of the Court of Common Pleas of Delaware County is affirmed, and the appeal filed at No. 2612 C.D.1991 is dismissed as moot.
NOTES
[1] § 5505. Modification of orders

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within thirty days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.
[2] In light of the holding herein, this Court need not consider the issue regarding Patricia Weiland's alleged incompetency and further considers the appeal filed at No. 2612 C.D. 1991 as moot.