John DIFENDERFER and Charmaine Difenderfer,

v.

CARBON COUNTY TAX CLAIM BUREAU and Gardner Family Trust.

Appeal of Gardner Family Trust.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 26, 2001.

Decided Dec. 10, 2001.

Robert S. Frycklund, Lehighton, for appellant.

Michael J. Garfield, Albrightsville, for appellees.

Before PELLEGRINI, J., FRIEDMAN, J., and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

The Gardner Family Trust (Trust) and the Carbon County Tax Claim Bureau (Bureau) (Collectively, Appellants) appeal from a decision of the Carbon County Court of Common Pleas (trial court) which sustained the exceptions filed by John Difenderfer and Charmaine Difenderfer (Difenderfers) to the tax sale held on September 24, 1999, of property situate at Lot No. 1760, Section IV, Penn Forest Township and designated as Tax Parcel No. 22A–51–D1760 (Property) and declared the tax sale null and void.

Difenderfers were the owners of Property. On July 12, 1999, separate notices of sale were mailed to the Difenderfers by certified mail, restricted delivery, addressed to their last known post office address in New Jersey. A notice was received by John Difenderfer on July 19, 1999, as evidenced by a signed certified mail return receipt card. The notice addressed to Charmaine Difenderfer was not received by her and was returned to the Bureau on August 10, 1999, with the notation "unclaimed" endorsed on the envelope. On that same date, an agent of the Bureau posted Difenderfers' property with a Notice of Public Sale by affixing the notice onto the dwelling. The notice indicated that the Property would be sold on September 24, 1999, at 10:00 a.m. with an approximate upset price of $3,597.51. Subsequently, the Bureau mailed Charmaine Difenderfer another notice of sale by first-class mail, in an attempt to comply with Section 602(e)(2) of the Real Estate Tax Sale Law (Act), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.602. The certificate of mailing from that notice has an illegible date on the postmark.

On September 24, 1999, the Bureau sold Difenderfers' Property at tax sale to Trust for the sum of $7,159.14. The Difenderfers filed a timely exception to this tax sale. The trial court found the written notice of the tax sale defective and sustained the exceptions. Appellants appealed to this Court.

Appellants contend that the trial court erred in finding that the Bureau failed to establish a prima facie case regarding the mailing of the ten day notice by first class mail upon Charmaine Difenderfer under Section 602(e)(2) of the Act and in failing to find that Charmaine Difenderfer admitted in the pleadings that the bureau complied with Section 602(e)(2) of the Act regarding the mailing of the ten day notice.

Section 602(e)(2) of the Act provides as follows:

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

. . . .

(2) If return receipt is not received from each owner pursuant to the provisions of clause (1), then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given to each owner who failed to acknowledge the first notice by United States first class mail, proof of mailing, at his last known post office address by virtue of the

knowledge and information possessed by the bureau, by the tax collector for the taxing district making the return and by the county office responsible for assessments and revisions of taxes. It shall be the duty of the bureau to determine the last post office address known to said collector and county assessment office.

■ There must be strict compliance with the notice provisions of the Act to guard against the deprivation of property without due process of law. *Grace Building Co. Inc. v. Chester County Land Corp.*, 19 Pa.Cmwlth. 269, 339 A.2d 161 (1975). The Bureau has the burden of proving compliance with all applicable notice provisions. *In re Upset Price Tax Sale of September 25, 1989*, 150 Pa.Cmwlth. 191, 615 A.2d 870 (1992). The Bureau is under no duty to conduct a search for a taxpayer. Where the bureau mailed a properly addressed notification to the last known address of the person liable for paying the taxes, the sale will be confirmed. *Id.* The fact that the notice was not actually received will not defeat the sale. *Shoemaker v. Tax Claim Bureau of Montgomery County*, 27 Pa.Cmwlth. 211, 365 A.2d 1320 (1976).

Here, the trial court did not make its findings based upon whether the notice was actually received. The trial court found that the Appellants failed to prove that the notice was actually sent within the ten (10) day requirement of the Act.

■ Appellants contend that they met this prong by presenting the testimony of Joanne Huber, Director of the Bureau (Huber). Huber was questioned in pertinent part as follows:

Q. Now, in the usual course of your business practice in that office obviously you know the notice has to be sent at least ten days prior to the date of the sale; is that correct?

A. Correct.

Q. And do you have any reason to believe that this particular notice was not sent at least ten days in advance of the date of the sale?

A. No.

Notes of Testimony (N.T.), September 26, 2000, at 15; Reproduced Record (R.R.) at 61a. This testimony and a deficient proof of mailing fail to prove that the Bureau mailed this particular notice ten days prior to the date of the sale. Without further evidence, we must affirm the trial court in this matter.[1]

### ORDER

AND NOW, this 10th day of December, 2001, the order of the Carbon County Court of Common Pleas in the above captioned matter is affirmed.

---

1. Appellants also contend that the trial court erred in failing to find that Charmaine Difenderfer admitted in the pleadings that the Bureau complied with Section 602(e)(2) of the Act by mailing Difenderfer notice within the ten day time period. This is a question of law; thus Difenderfers' answer was appropriate. Therefore, we will not address this issue further.