In Re: YORK COUNTY TAX CLAIM BUREAU.

Donalynn Properties, Inc.

v.

York County Tax Claim Bureau John J. Luciani and Ann K. Luciani.

Appeal of: John J. Luciani and Ann K. Luciani.

Commonwealth Court of Pennsylvania.

Argued June 21, 2010.
Decided Sept. 1, 2010.

Amanda Snoke Dubbs, York, for appellants.

Glenn C. Vaughn, York, for appellee Donalynn Properties, Inc.

BEFORE: McGINLEY, Judge, and SIMPSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

John J. and Ann K. Luciani appeal from the October 8, 2009, order of the Court of Common Pleas of York County (trial court) vacating the tax upset sale of property located at 54 South Richland Avenue in York, Pennsylvania (Property). We affirm.

Donalynn Properties, Inc. (DPI) purchased the Property on July 17, 2003. DPI is a Maryland corporation solely owned by Maryland resident D. Scott Matthews. In 2006, DPI failed to pay its real estate taxes on the Property. On May 17, 2007, the York County Tax Claim Bureau (Bureau) sent DPI a tax delinquency notice via certified mail, return receipt requested, which stated:

IF YOU FAIL TO PAY THIS TAX CLAIM OR FAIL TO TAKE LEGAL ACTION TO CHALLENGE THIS CLAIM, YOUR PROPERTY WILL BE SOLD WITHOUT YOUR CONSENT AS PAYMENT FOR THESE TAXES. YOUR PROPERTY MAY BE SOLD FOR A SMALL FRACTION OF ITS FAIR MARKET VALUE. IF YOU PAY THIS CLAIM BEFORE JULY 1, 2008, YOUR PROPERTY WILL NOT BE SOLD. IF YOU PAY THIS CLAIM AFTER JULY 1, 2008, BUT BEFORE THE ACTUAL SALE, YOUR PROPERTY WILL NOT BE SOLD BUT WILL BE LISTED ON ADVERTISEMENTS FOR SUCH SALE.

The Bureau received the signed return receipt, indicating that Matthews had received the notice.

On April 1, 2008, Matthews gave DPI's property management company, Crossroads Property Management, Inc., a check for $20,000.00 for the payment of expenses and back taxes. While Crossroads paid some expenses and outstanding debts, it did not pay the back taxes because it did not receive any bills for such taxes.

On August 14, 2008, the Bureau sent DPI a Notice of Public Tax Sale via certified mail, restricted delivery, return receipt requested, to its Maryland post-office-box address. The United States Postal Service (USPS) made delivery attempts on August 16, August 21, and August 31, 2008. The Notice was ultimately returned to the Bureau as unclaimed. The Bureau also posted the Notice at the Property on August 16, 2008, and advertised the sale in three local newspapers on August 14, 2008, and August 25, 2008. The Bureau claims that, on September 10, 2008, it again mailed the Notice to DPI via first-class mail to its Maryland address. As proof of this mailing, the Bureau offered into evidence a document containing its own letterhead and a checkmark beside an entry that states, "SENT NOTICE OUT FIRST CLASS MAIL," followed by a handwritten notation of "9/10/08."

On September 25, 2008, the Bureau proceeded with the tax upset sale. The Lucianis made the winning bid and purchased the Property for $25,990.10. DPI filed a Petition to Vacate Tax Upset Sale on November 3, 2008. The Lucianis filed a response on November 12, 2008.

The trial court held a hearing on July 29, 2009. At the hearing, Matthews and Vanessa Shive, a Bureau supervisor, testi-

fied regarding the first-class mail Notice. Shive testified that after the Bureau received the unclaimed certified mail receipt, she placed the Notice in an envelope and sent it to DPI via first-class mail on September 10, 2008. (N.T., 7/29/09, at 15–16.) Shive offered into evidence an internal Bureau document with a checkmark beside an entry that states, "SENT NOTICE OUT FIRST CLASS MAIL," followed by a notation, in Shive's own handwriting, of "9/10/08." (*Id.* at 17–19.) Shive explained that this is the Bureau's customary practice for sending out the ten-day notice when it is returned as unclaimed. (*Id.* at 16.)

Matthews testified that he did not receive the first-class mail Notice until *after* the tax upset sale. (*Id.* at 43, 55.) Matthews testified that he was injured in a car accident in August 2008 and was laid up for several weeks thereafter. As a result, he did not make any trips to the post office in August or September 2008 when the tax sale notices were mailed to DPI. (*Id.* at 45.) It was not until after the September 25, 2008, tax sale that Matthews finally went to the post office and received the first-class mail Notice. (*Id.* at 43.) Matthews testified that, immediately upon receiving the Notice, he called the Bureau and was told that the property had been sold to the Lucianis. (*Id.* at 54–55.)

The trial court ultimately determined that: (1) the Bureau failed to provide DPI with proper notice under section 602(e)(2) of the Real Estate Tax Sale Law (RETSL), Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.602(e)(2);[1] and (2) DPI did not have actual notice of the tax upset sale. By order dated October 8, 2009, the trial court vacated the tax upset sale. The Lucianis filed post-trial motions, which were granted in part and denied in part.[2] The Lucianis now appeal from that decision.[3]

## I. Actual Notice

It is well established that the notice provisions of the RETSL are to be strictly construed. *Donofrio v. Northampton County Tax Claim Bureau,* 811 A.2d 1120, 1122 (Pa.Cmwlth.2002); *see also Steinbacher v. Northumberland County Tax Claim Bureau,* 996 A.2d 1095, 1099 (Pa.Cmwlth.2010) ("[S]trict compliance with the [RETSL's] notice provisions is essential to prevent the deprivation of property without due process."). However, where the property owner has actual notice of a tax upset sale, the notification requirements in the statute need not be followed. *Donofrio,* 811 A.2d at 1122.

Here, the Lucianis assert that DPI had actual notice of the tax upset sale because Matthews: (1) admitted that he received the May 17, 2007, tax delinquency notice, which informed him that the property

1. Section 602 of the RETSL sets forth three separate methods of notice of an impending tax sale: publication at least thirty days prior to sale; notification by certified mail at least thirty days prior to sale; and posting on the property at least ten days prior to sale. 72 P.S. § 5860.602(a), (e). The statute also provides that, with respect to the certified mail notice, if a return receipt is not received from the property owner, then at least ten days prior to sale, similar notice must be sent to the owner by "United States first class mail, proof of mailing." 72 P.S. § 5860.602(e)(2).

2. The trial court granted the post-trial motions only to the extent that it corrected its finding of fact regarding the Property address.

3. Our scope of review in a tax sale case is limited to determining whether the trial court abused its discretion, rendered a decision without supporting evidence, or erred as a matter of law. *Casaday v. Clearfield County Tax Claim Bureau,* 156 Pa.Cmwlth. 317, 627 A.2d 257, 258 (1993).

would be sold if he did not pay his taxes by July 1, 2008; and (2) produced the Bureau's first-class mail Notice as an exhibit at the hearing, which contained a notation in Matthews' own handwriting. We reject both of these claims.

Although Matthews received the May 17, 2007, tax delinquency notice, that notice did not state the time, date, location, or terms of the tax upset sale as required by section 602(a) of the RETSL, 72 P.S. § 5860.602(a).[4] The notice merely stated that taxes were overdue and, if DPI did not pay its taxes by a specified date, the property "will be sold." In fact, the United States Supreme Court has specifically rejected the claim that a property owner's actual notice of a tax *delinquency* is sufficient to establish actual notice of a tax *sale*. *Jones v. Flowers*, 547 U.S. 220, 232–33, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) ("An interested party's 'knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending.' ") (quoting *Mennonite Board of Missions v. Adams*, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983)); *see Fernandez v. Tax Claim Bureau of Northampton County*, 925 A.2d 207, 215 n. 19 (Pa.Cmwlth.2007). Thus, Matthews' receipt of the delinquency notice did not establish actual notice of the tax sale.[5]

Furthermore, Matthews credibly testified that he did not receive the first-class mail Notice until *after* the sale. Matthews explained that, upon receiving the Notice, he called the Bureau, learned that the property had been sold to the Lucianis, and wrote John Luciani's name on the Notice. The trial court believed Matthews' testimony, and we will not disturb that credibility determination. *See In re Sale of Real Estate by Lackawanna Tax Claim Bureau*, 986 A.2d 213, 216 (Pa. Cmwlth.2009) (as factfinder in tax sale case, trial court has exclusive authority to weigh evidence and make credibility determinations). Therefore, we conclude that there was no actual notice in this case.

## II. "Proof of Mailing" Requirement

Next, the Lucianis assert that, even if DPI had no actual notice of the tax sale, the Bureau properly complied with all of the notification requirements of the RETSL. *See* 72 P.S. § 5860.602(h) ("No sale shall be defeated and no title to property sold shall be invalidated because of proof that mail notice as herein required was not received by the owner, provided such notice was given as prescribed by this section."). The Bureau has the burden of proving compliance with all applicable notice provisions. *Casaday v. Clearfield County Tax Claim Bureau*, 156 Pa.

4. Section 602(a) of the RETSL provides in relevant part:

> At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county ... and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

72 P.S. § 5860.602(a).

5. The Lucianis' reliance on *Pitts v. Delaware County Tax Claim Bureau*, 967 A.2d 1047 (Pa.Cmwlth.2009) (*en banc*), is also misplaced. In that case, our court noted that there was evidence that the property owner had received the initial tax delinquency notice. *Id.* at 1053. We did not, however, determine that the property owner had actual notice of the tax sale on that basis. Rather, we found that the property owner had proper notice because the tax claim bureau had complied with *all* of the notification requirements in section 602(a) and (e) of the RETSL. *Id.* at 1053–54.

Cmwlth. 317, 627 A.2d 257, 258 (1993). If any form of notice is defective, the tax sale is void. *Area Homes, Inc. v. Harbucks, Inc.*, 75 Pa.Cmwlth. 97, 461 A.2d 357, 358 (1983).

The issue before this court is what type of document satisfies the "proof of mailing" requirement in section 602(e)(2) of the RETSL.[6] This is an issue of first impression in this Commonwealth. The statute itself does not define "proof of mailing," and there appears to be no Pennsylvania case addressing this particular question.[7]

We begin our analysis by examining the plain language of section 602(e)(2) of the RETSL. *See Dechert LLP v. Commonwealth of Pennsylvania*, —— Pa. ——, 998 A.2d 575, 577 (2010) (noting that best indicator of legislature's intent is in a statute's plain language). This provision states in relevant part:

> If return receipt is not received from each owner pursuant to the provisions of clause (1) [requiring certified mail notice thirty days prior to sale], then, at least ten (10) days before the date of the sale, similar notice of the sale shall be given

to each owner who failed to acknowledge the first notice by *United States first class mail, proof of mailing*, at his last known post office address. . . .

72 P.S. § 5860.602(e)(2) (emphasis added).

When viewed in the context of the RETSL's other notification provisions, it is evident that "proof of mailing" in section 602(e)(2) refers to a document obtained from the USPS. All other types of mailing specified in the statute are USPS services,[8] and "proof of mailing" immediately follows "United States first class mail," which is exclusively USPS terminology.[9] Based on the plain language alone, we have no reason to believe that the legislature was referring to anything other than a USPS form. *See* Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit.").

In order to ascertain what type of USPS form provides proof of mailing, we look to the USPS official website for guidance.[10]

---

6. The parties concede that the Bureau complied with the publication, certified mail, and posting requirements of section 602(a) and (e).

7. We have found only one case that discusses what type of evidence was offered as "proof of mailing" under section 602(e)(2) of the RETSL. In *Difenderfer v. Carbon County Tax Claim Bureau*, 789 A.2d 366 (Pa.Cmwlth. 2001), a county tax claim bureau presented a USPS certificate of mailing as "proof of mailing" under the RETSL. After the bureau received the certified mail receipt as unclaimed, it sent a ten-day notice to the property owner by first-class mail with a USPS certificate of mailing. However, because the postmark on the certificate was illegible and the bureau representative did not specifically testify to when the notice was mailed, this court affirmed the vacation of the tax sale. *Id.* at 367–68. We did not, however, address

the question of what type of proof of mailing is required under section 602(e)(2).

8. *See* 72 P.S. § 5860.602(e)(1) (requiring that thirty-day notice be sent via certified mail, restricted delivery, return receipt requested) and § 5860.602(h) (in case of corporate property owner, requiring that thirty-day notice be sent to Department of Revenue by certified mail).

9. First-class mail is identified throughout the USPS website with a registered trademark symbol, i.e., "First–Class Mail®." *See, e.g.,* USPS Website, *http://www.usps.com/send/ waystosendmail/senditwithintheus/firstclass mail.htm.*

10. This court may take judicial notice of information provided on a website. *See, e.g., Figueroa v. Pennsylvania Board of Probation and Parole*, 900 A.2d 949, 950 n. 1 (Pa. Cmwlth.2006).

According to the website, a certificate of mailing (also known as USPS Form 3817) is "the only official record available" that evidences the date that a piece of mail is presented to the USPS for mailing. *See* USPS Website, *http://www.usps.com/send/waystosendmail/extraservices/certificateof mailingservice.htm.* Unlike other USPS services, first-class mail does not automatically provide the sender with a receipt or proof of mailing. For $1.15, the sender can purchase a certificate of mailing for a document sent via first-class mail. *See* USPS Website, *http://www.usps.com/prices/extra-servicesprices.htm.* In fact, one portion of the USPS website includes a chart explaining the "Extra Services" that are available for purchase; that chart demonstrates that the only "Proof of Mailing" for "First–Class Mail" is a "Certificate of Mailing." *See A Customer's Guide to Mailing,* USPS Website, *http://pe.usps.com/text/dmm100/extraservices.htm.*[11]

Therefore, after reviewing the text of section 602(e) in its entirety, as well as the types of mailing services available through the USPS, we are compelled to conclude that "proof of mailing" refers only to a USPS certificate of mailing.

Moreover, we reject the Lucianis' claim that the legislature intended to allow county tax bureaus throughout the Commonwealth to create their own individual proofs of mailing for the ten-day notice. As the trial court recognized, "[s]uch a regime would be rife with inconsistencies making the various tax districts in this Commonwealth susceptible to due process challenges leveled at their unique proof of mailing forms." (Trial Court Op., 10/8/09, at 11.) The need for statewide uniformity is equally as important for the ten-day notice as it is for the thirty-day notice, particularly because the ten-day notice is the *final* notice to a property owner before a tax upset sale. We agree with the trial court that requiring a county tax bureau to purchase a USPS certificate of mailing "creates an official record and negates any question of fabrication or mistake on the part of the Bureau." (*Id.* at 14.)

Finally, we do not believe that requiring a USPS certificate of mailing imposes an onerous burden on county tax bureaus. The statute already requires a tax claim bureau to purchase certified mail ($2.80), restricted delivery ($4.50), and return receipt ($2.30) services [12] from the USPS for each tax upset sale. Requiring a county tax bureau to purchase a certificate of mailing for an additional $1.15 when it sends a ten-day notice is not unreasonable. Significantly, a ten-day mail notice is *not* required for every tax upset sale; it is only necessary if the thirty-day certified mail

---

11. Notably, the prior version of section 602(e)(2) required that the ten-day notice be sent by "United States certified mail." *See* Purdon's Statutes, 72 P.S. § 5860.602, Historical & Statutory Notes. The legislature changed the required mailing to "United States first class mail, proof of mailing" in 1986. *Id.* The trial court reasoned that this change signaled the legislature's intent to require a USPS form as proof of mailing:

> [T]he legislature's 1986 amendment changing the mail requirement from certified mail to first class mail also added the words "proof of mailing" immediately after "United States first class mail." In the context of the prior mailing requirements—registered and certified mail, each of which provide [*sic*] a proof of mailing—the legislature is signaling that the use of first class mail is acceptable *only if accompanied* by a proof of mailing that normally comes with registered or certified mail postage. As such, this Court is convinced that the words "proof of mailing" in § 5860.602(e)(2) reflect the intent of the legislature to require a certificate of mailing from the post office. (Trial Court Op., 10/8/09, at 9 (emphasis in original).)

12. *See* USPS Website, *http://www.usps.com/prices/extra-services-prices.htm.*

notice is returned as unclaimed. *See* 72 P.S. § 5860.602(e)(2). Thus, a tax claim bureau will need to obtain a certificate of mailing only in limited circumstances.

In reaching this conclusion, we are mindful that:

> the primary purpose of the [RETSL] is not to strip away citizens' property rights but, rather, to insure the collection of taxes. . . . "[B]efore forcing a citizen to satisfy his debt by forfeiting his property, due process requires the government to provide adequate notice of the impending taking. . . ."
>
> . . .
>
> The statutory requirements [of the RETSL] protect the property rights of citizens and provide a minimum as to what must be accomplished to protect those rights.

*Fernandez,* 925 A.2d at 214–15 (citations omitted). In our view, the need to safeguard a property owner's due process rights outweighs the nominal burden on tax claim bureaus to obtain a USPS certificate of mailing when sending a ten-day notice under section 602(e)(2).

For all of these reasons, we hold that "proof of mailing" in section 602(e)(2) refers to a certificate of mailing obtained from the USPS.[13] Thus, the Bureau's proffered evidence in this case was insufficient to establish timely proof of mailing of the ten-day, first-class mail Notice under section 602(e)(2). Accordingly, because the Bureau failed to prove compliance with all applicable notice provisions in the RETSL, we affirm.

13. We recognize that certified mail and registered mail services, by definition, also provide proofs of mailing in addition to proofs of delivery or attempted delivery. *See A Customer's Guide to Mailing,* USPS Website,

*ORDER*

AND NOW, this 1st day of September, 2010, we hereby affirm the October 8, 2009, order of the Court of Common Pleas of York County.

*http://pe.usps.com/text/dmm100/extra-services. htm.* However, the only USPS document that provides proof of mailing, and nothing more, is a certificate of mailing. *See id.*