# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Consolidated Return of : 
Lackawanna County Tax Claim Bureau : 
of the Upset Tax Sale of Properties Held : No. 462 C.D. 2017 
on September 26, 2016 : ARGUED: December 4, 2017 
 : 
Appeal of: WDD Real Estate, LLC :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER** **FILED: January 19, 2018**

WDD Real Estate, LLC (WDD) appeals from an order of the Court of Common Pleas of Lackawanna County (trial court) that granted the petition to set aside upset tax sale to WDD filed by former owner Sherin Mohamed for a property located at 2210-2212 Brown Avenue, Scranton, PA, Lackawanna County (Subject Property). In granting the petition, the court directed: (1) Mr. Mohamed to remit the sum of $2,151.34 to the Lackawanna County Tax Claim Bureau (Bureau); (2) the Lackawanna County Assessor's office to update its records with his correct address; and (3) Mr. Mohamed to notify the assessor of any future change of address as long as he owns real estate in Lackawanna County. We affirm.

The pertinent background is as follows. In 2010, Mr. Mohamed purchased the Subject Property for $75,000. October 26, 2010, Deed; Reproduced Record (R.R.) at 9a. Following his failure to pay outstanding real estate taxes on the

Subject Property, the Bureau selected it to be exposed to public auction at a September 26, 2016, upset tax sale. Notice to Mr. Mohamed, *inter alia*, included a notice of upset sale sent to him bearing an address of 33 Degraw Street, Brooklyn, NY 11231, by certified mail, restricted delivery, return receipt requested, and postage prepaid. However, the address in his grantee certification contained in his deed to the Subject Property identified his address as 335 Degraw Street. In any event, WDD purchased the Subject Property at that sale for $2,151.34.

Subsequently, Mr. Mohamed filed a February 2017 petition to set aside upset tax sale, therein averring that he first learned of the sale in January 2017 when WDD served him with its action to quiet title. February 8, 2017, Petition to Set Aside Upset Tax Sale, ¶ 9 at 2; R.R. at 3a. In addition, he alleged that, "[s]ince [he] never received any tax bills for the [Subject Property], he, from time to time, would appear in person before the appropriate taxing bodies and inquire as to the current amount due and remit the amount requested at that time." *Id*., ¶ 5 at 2; R.R. at 3a. In that regard, he averred that he had a January 2017 title search performed which indicated that the Bureau had sent notices and certified letters, addressed to him, to an erroneous address. Accordingly, Mr. Mohamed objected to the September 2016 upset tax sale and requested that the trial court grant his petition to set aside that sale.

At the March 2017 hearing on Mr. Mohamed's petition, the participants included counsel for Mr. Mohamed, counsel for the Bureau, and Mr. Deliman, Esq., as counsel and sole member of WDD. At that time, the Bureau acknowledged that it had sent the notice to the wrong address and opined, therefore, that notice was defective such that it should be fatal to the upset tax sale. In response, Mr. Deliman testified as to his belief that Mr. Mohamed as a realtor should have made inquiries about the absence of a tax bill for six years and "straightened it out." Mr. Deliman

2

presented no other testimony or documents in support of his contentions regarding an alleged fraudulent scheme, other than those attached to the pleadings.[1] The trial court granted Mr. Mohamed's petition and WDD's appeal to this Court followed.

On appeal, we consider whether the trial court erred in granting Mr. Mohamed's petition to set aside the upset tax sale to WDD based on defective notice. In considering this issue, we note that Section 602 of the Real Estate Tax Sale Law (Tax Sale Law)[2] requires the Bureau to provide three separate methods of notice: (1) publication at least thirty days prior to the sale, (2) notification by certified mail at least thirty days prior to the sale, and (3) posting of the property at least ten days prior to the sale. If any of the three types of notice is defective, the tax sale is void. *Hunter v. Washington Cty. Tax Bureau*, 729 A.2d 142 (Pa. Cmwlth. 1999). The burden of proving compliance with all applicable notice provisions is placed on the taxing authority. *McElvenny v. Bucks Cty. Tax Claim Bureau*, 804 A.2d 719 (Pa. Cmwlth. 2002). Further, the Tax Sale Law requires strict compliance with its notice provisions to guard against the deprivation of property without due process of law. *Difenderfer v. Carbon Cty. Tax Claim Bureau*, 789 A.2d 366 (Pa. Cmwlth. 2001).

In the present case, counsel for the Bureau stated at the beginning of the hearing on Mr. Mohamed's petition that, after reviewing the file, he determined that there was a defective mail notice that, in his opinion, should be fatal to the upset sale to WDD. March 23, 2017, Hearing, Notes of Testimony (N.T.) at 2; R.R. at 65a. In turn, Mr. Deliman did not dispute that the notice was defective in that the Bureau mailed it to 33 Degraw Street instead of 335 Degraw Street, the address that the Bureau had on file for Mr. Mohamed's residence at the time of sale. *Id*. at 4;

---

[1] Regarding those pleadings, the trial court observed that Mr. Deliman failed to attach a notice to plead with his answer. March 23, 2017, Hearing, Notes of Testimony (N.T.) at 6; R.R. at 69a.

[2] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602.

R.R. at 67a. In addition, there was no dispute that Mr. Mohamed provided the correct address at the time he purchased the property. *Id*. at 7; R.R. at 70a. Nonetheless, WDD argues on appeal that the trial court erred in granting the petition, contending that Mr. Mohamed's conduct in failing to inquire in the six years that he owned the property as to why he did not receive tax bills should have superseded the Bureau's defective notice. Accordingly, WDD argues that we should reverse the trial court's order or remand for a hearing as to whether Mr. Mohamed received actual notice from his tenants, one of whom allegedly shares the same last name. We reject WDD's position.

It is well established that, "the focus is not on the alleged neglect of the owner, which is often present in some degree, but on whether the activities of the Bureau comply with the requirements of the statute." *In re Consol. Return of Tax Claim Bureau of the Cty. of Beaver from August 16, 2011 Upset Sale for Delinquent Taxes*, 105 A.3d 76, 81 (Pa. Cmwlth. 2014), *appeal denied*, 121 A.3d 497 (Pa. 2015) (citation omitted). Accordingly, even if the absence of tax bills should have raised questions for Mr. Mohamed, the trial court did not err in granting his petition to set aside the tax sale to WDD and in determining that no further hearing was warranted. As noted, the notice provisions of the Tax Sale Law are to be strictly construed lest a person be deprived of property without due process. *Maya v. Cty. of Erie Tax Claim Bureau*, 59 A.3d 50, 55 (Pa. Cmwlth. 2013).

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Consolidated Return of      :
Lackawanna County Tax Claim Bureau   :
of the Upset Tax Sale of Properties Held :    No.  462 C.D. 2017
on September 26, 2016             :
                                        :
Appeal of:  WDD Real Estate, LLC     :

# **O R D E R**

AND NOW, this 19th day of January, 2018, the order of the Court of Common Pleas of Lackawanna County is hereby AFFIRMED.

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge
