# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Forward School District   :
  :
     v.     :   No. 1128 C.D. 2021
  :   Submitted: May 17, 2022
Craig A. Moore      :
  :
     v.     :
  :
Maxanna Properties, Inc.    :
  :
Appeal of: Craig A. Moore   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS            FILED: June 15, 2022

  Craig A. Moore appeals from an order of the Court of Common Pleas of Allegheny County (trial court) denying his petition to set aside a sheriff sale of the property located at 519 Rothy Drive, Elizabeth, PA 15037 (Property). Because Moore did not timely petition the trial court to set aside the sale and because there are no apparent grounds to void the sale, we affirm.

## BACKGROUND[1]

  The Elizabeth Forward School District (District) commenced this *in rem* action against the Property for unpaid taxes pursuant to the Municipal Claims and Tax Liens Act (MCTLA).[2] The District named Moore the defendant as owner of the Property. Following the entry of a default judgment in the amount of

---

[1] Except as noted, the parties do not dispute the factual or procedural background to this case.

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §7101-7105.

$6,245.77, as well as a writ of execution, the Sheriff of Allegheny County served Moore with a notice of sheriff sale.

The sale was originally scheduled for November 4, 2019. However, on November 1, 2019, Moore petitioned for federal bankruptcy protection, resulting in an automatic stay of these proceedings.[3] Following at least two continuances,[4] the trial court granted a motion by the District for a special order pursuant to Pennsylvania Rule of Civil Procedure 3129.3(a), scheduling the sheriff sale for August 3, 2020, and relieving the District of any further notice requirements. *See* Trial Ct. Order, 7/20/20 (Special Order).

On August 3, 2020, Maxanna Properties, Inc. purchased the Property at the sheriff sale. The sheriff acknowledged delivery of the deed on August 26, 2020.

Nearly a year after delivery of the Property deed to Maxanna, Moore filed a petition to set aside the sheriff sale on August 20, 2021. Moore asserted that the sale was void on two grounds: (1) the sale was "barred by the Covid-19 moratorium . . . staying foreclosures and other proceedings relating to the dispossession of residential real estate," and (2) the District failed to comply with the notice requirements set forth in Pennsylvania Rules of Civil Procedure 3129.2 and 3129.3(b)(1). Pet. to Set Aside Sheriff's Sale, 8/20/21, at 6, 7-9.

The trial court denied the petition, concluding that the Special Order had obviated the relevant notice requirements pursuant to Rule 3129.3(a), that the

---

[3] *See* 11 U.S.C. § 362. Moore filed in the United States Bankruptcy Court for the Western District of Pennsylvania at No. 19-24297-TPA. The case was dismissed on June 11, 2020. *See* Maxanna's Resp. to Pet to Set Aside Sheriff's Sale, 8/26/21, Ex. C (docket entries from No. 19-24297-TPA).

[4] The parties dispute the number of delays announced by the sheriff. *Compare* Mot. for Special Order, 7/17/20 (the District averring a continuance on November 4, 2019, and another on March 2, 2020), *with* Pet. to Set Aside Sheriff's Sale, 8/20/21 (Moore averring a third continuance on June 1, 2020). We need not resolve this dispute, as it is irrelevant to our disposition.

sheriff sale of the Property was lawful, and that Moore's petition to set aside the sale was untimely. *See* Trial Ct. Mem., 10/13/21, at 1-2 (regarding the petition's untimeliness, the trial court cited Pa.R.C.P. 3132). This appeal followed.

**ISSUES**

Moore contends that the trial court erred in denying his petition to set aside the sheriff sale as untimely. Moore's Br. at 11. According to Moore, because the sale of the Property is void, he may challenge it "at any time." *Id.* He therefore asks this Court to reverse the trial court and remand with instructions to set aside the sheriff sale. *See id.* at 20.

Moore asserts several grounds that purportedly render the sheriff sale of the Property void as a matter of law. *See id.* at 11. For example, according to Moore, at the time of the sale, Governor Tom Wolf had declared a COVID-19 moratorium "staying foreclosures and other proceedings relating to the dispossession of residential real estate[.]" *Id.* at 12. Moore also asserts that the District failed to comply with the notice provisions set forth in the Pennsylvania Rules of Civil Procedure. *See id.* at 14-17.

**DISCUSSION**

Our review of a trial court's order in a tax sale matter is limited to determining whether the trial court abused its discretion, rendered a decision with a lack of supporting evidence, or clearly erred as a matter of law. *City of Reading v. Zeiber*, 62 A.3d 481, 481 n.1 (Pa. Cmwlth. 2013). We exercise *de novo* review over questions of law. *See In re Sale of Real Estate by Lackawanna Cnty. Tax Claim Bureau*, 255 A.3d 619, 625 n.5 (Pa. Cmwlth. 2021).

**Timeliness of Moore's Petition**

A petition to set aside a sheriff sale is an equitable proceeding. *U.S. Nat'l Bank Ass'n v. United Hands Cmty. Land Tr.*, 129 A.3d 627, 632 (Pa. Cmwlth. 2015). Generally, a party in interest must petition the trial court for relief "before delivery . . . of the sheriff's deed to real property." Pa.R.C.P. 3132. Here, Moore petitioned the trial court nearly a year after the sheriff acknowledged delivery of the deed, far beyond the period identified in Rule 3132. Thus, Moore's petition was untimely.

However, "a petitioner may invoke the equitable powers of the court upon establishing an exception to this time bar for fraud or a lack of authority to make the sale." *Wells Fargo Bank N.A. v. Zumar*, 205 A.3d 1241, 1245 (Pa. Super. 2019) (cleaned up).[5] Therefore, we turn to Moore's several claims challenging that the sheriff sale is void.

**Governor's Moratorium**

Moore asserts that Governor Wolf had issued a moratorium that barred the sheriff sale of the Property. *See* Moore's Br. at 12. We disagree.[6]

---

[5] Decisions of the Superior Court are not binding on this Court but "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

[6] Moore presents no persuasive argument in support of this bald assertion. He does not address the substance of the Governor's executive actions and fails to cite any legal precedent holding that the Governor had prohibited the sheriff sale of property for failure to pay real estate taxes. Rather, he references proceedings in which litigants had challenged the Governor's authority to issue executive orders following his proclamation of the COVID-19 emergency. *See, e.g.*, Moore's Br. at 13 (citing *Friends of Danny Devito v. Wolf*, 227 A.3d 872 (Pa. 2020) (holding that the governor had statutory authority to issue an executive order compelling the closure of non-life-sustaining businesses to reduce the spread of COVID-19)).

In March 2020, Governor Wolf proclaimed a disaster emergency amid the emerging COVID-19 pandemic.[7] Thereafter, the Governor issued numerous executive orders pursuant to his emergency powers under the Emergency Management Services Code.[8] The Governor issued one such order on July 9, 2020, which suspended the notice requirements "for specified actions related to the dispossession of property" until August 31, 2020. Order of the Governor of the Commonwealth of Pennsylvania Staying Notice Requirements for Specified Actions Related to the Dispossession of Property (July 9, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/07/20200709-TWW-eviction-order.pdf (last visited May 5, 2022) (July Order).[9]

Upon review, the language of the July Order is clear and specific. The Governor suspended "the notice requirements mandated by Act 6 and Act 91 . . . that must be satisfied prior to the initiation of [mortgage] foreclosure actions." July Order § 1.[10] The Governor also suspended "the notice requirements mandated by the Landlord and Tenant Act of 1951 and the Manufactured Home Community Rights Act . . . thereby tolling the ability to commence the timelines necessary for

---

[7] *See* Governor Wolf, "Proclamation of Disaster Emergency," Mar. 6, 2020, Commonwealth of Pennsylvania Off. of the Governor, https://www.governor.pa.gov/wp-content/uploads/2020/03/20200306-COVID19-Digital-Proclamation.pdf (last visited May 5, 2022) ("Governor's Proclamation").

[8] *See* Act of Nov. 26, 1978, P.L. 1332, No. 323, *codified as amended at* 35 Pa.C.S. §§ 7101-79a33.

[9] The July Order extended provisions set forth in an earlier order. *See* Order of the Governor of the Commonwealth of Pennsylvania for Staying the Notice Requirements for Certain Actions Related to the Dispossession of Property (May 7, 2020), https://www.governor.pa.gov/wp-content/uploads/2020/05/20200507-TWW-dispossession-of-property-order.pdf (last visited May 5, 2022) (May Order).

[10] *See* Loan Interest & Protection Law, Act of January 30, 1974, P.L. 13, No. 6, *as amended*, 41 P.S. §§ 101-605 (Act 6); Homeowners Emergency Assistance Act, Act of December 23, 1983, P.L. 385, No. 91, *as amended*, 35 P.S. § 1680.401c-1680.410c (Act 91).

the initiation of residential eviction proceedings." *Id.* § 2.[11] The Governor did not suspend, stay, postpone, or otherwise delay the sheriff sale of properties in proceedings brought pursuant to the MCTLA. *See generally id.*

Here, the sheriff sale of the Property took place on August 3, 2020, while the July Order remained in effect. However, the plain language of the July Order did not implicate or curtail the District's rights under the MCTLA. Thus, Moore's claim is without merit.

### Notice Requirements for Sheriff Sale

In addition to certain provisions of the MCTLA not at issue here, the Pennsylvania Rules of Civil Procedure govern notice with respect to sheriff sales of real property. For example, Rule 3129.1 requires a plaintiff who pursues a writ of execution against real property to file an affidavit that identifies the owner of the property and every other person with a lien or interest in the property. Pa.R.C.P. 3129.1. Rule 3129.2 sets forth the manner and timing of service to all those persons identified in the affidavit. Pa.R.C.P. 3129.2.

When an initial sale is postponed, Rule 3129.3 requires a plaintiff to issue "new notice . . . as provided by Rule 3129.2" with two exceptions. Pa.R.C.P. 3129.3(a). First, a plaintiff may petition the trial court for a special order dispensing with further notice requirements. *Id.* Second, new notice is not required when a sale is continued to a date certain within 130 days of the scheduled sale, provided (1) there is a public announcement of the new date at the time and place of the originally scheduled sale and (2) there have not been more than two such continuances. Pa.R.C.P. 3129.3(b)(1).

---

[11] *See* The Landlord and Tenant Act of 1951, Act of April 6, 1951, P.L. 69, *as amended*, 68 P.S. §§ 250.101-397; Manufactured Home Community Rights Act, Act of November 24, 1976, P.L. 1176, *as amended*, 68 P.S. §§ 398.1-398.10.3.

Together, these notice requirements "were intended to protect fundamental rights of due process by insuring that persons with an interest in real estate would receive adequate notice before being deprived of their property." *Wells Fargo Bank, N.A. v. Ferreri*, 199 A.3d 892, 896 (Pa. Super. 2018) (citation omitted).[12]  Further, "there must be strict compliance with the notice provisions . . . to guard against the deprivation of property without due process of law." *Difenderfer v. Carbon Cnty. Tax Claim Bureau*, 789 A.2d 366, 368 (Pa. Cmwlth 2001) (citation omitted) (discussing notice requirements of the Real Estate Tax Sale Law[13]).

> *1. The new notice exception at Rule 3129.3(b)(1) is irrelevant.*

Moore asserts that his due process rights were violated because the District was required to issue new notice of the sheriff sale scheduled for August 3, 2020.  *See* Moore's Br. at 14-17.  According to Moore, because there were more than two postponements of the sheriff sale, the District was unable to invoke the exception set forth in Rule 3129.3(b).  *See id.*

Moore's assertion does not accurately reflect the trial court's decision in this case.  In denying Moore's petition to set aside the sheriff sale, the trial court explained that new notice was not required because it had issued a special order pursuant to Rule 3129.3(a).  *See* Trial Ct. Mem. at 1-2; *see also* Special Order.  Therefore, because the exception at Rule 3129.3(b) is irrelevant, Moore's claim is devoid of merit, and no relief is due.

---

[12] We cite *Ferreri* for its persuasive authority.  *See Lerch*, 180 A.3d at 550.

[13] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.  The MCTLA and the Real Estate Tax Sale Law (RETSL) are similar in that their overall purpose is the collection of delinquent taxes.  The MCTLA applies to first and second class counties, whereas the RETSL applies to all other counties.  *See generally Lohr v. Saratoga Partners, L.P.*, 238 A.3d 1198 (Pa. 2020); *City of Allentown v. Kauth*, 874 A.2d 164 (Pa. Cmwlth. 2005).

*2. Moore has waived any challenge to the Special Order.*

Moore asserts that the special order exception does not apply because "the District misled both the public and [trial court] Judge Della Vecchia." Moore's Br. at 18. According to Moore, in seeking a special order, the District "falsely averred" that the sheriff sale of the Property had been postponed twice, when in reality the sale had been postponed three times. *Id.* at 17. Moore further suggests that this alleged subterfuge deprived him of an opportunity to challenge the Special Order prior to its issuance by the trial court. *See id.* at 18 (citing in support *Bayview Loan Servs., LLC v. Good Home, LLC*, 2019 WL 1384530 (Pa. Super., No. 832 WDA 2018, filed Mar. 27, 2019) (unreported) (*Bayview Loan*).[14]

Moore did not raise these arguments before the trial court. *See* Pet. to Set Aside Sheriff's Sale. Accordingly, we deem them waived. Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see Lin v. Bd. of Revision of Taxes of City of Phila.*, 137 A.3d 637, 642 (Pa. Cmwlth. 2016) (stating that this Court "may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below") (citation omitted);

---

[14] In citing *Bayview Loan*, Moore has violated Pennsylvania Rule of Appellate Procedure 126(b), which provides that a party may cite to an unpublished, non-precedential decision of the Superior Court "filed *after* May 1, 2019[.]" Pa.R.A.P. 126(b) (emphasis added). The Superior Court filed *Bayview Loan* on March 27, 2019.

Further, Moore's reliance on *Bayview Loan* is misplaced. In that case, the Superior Court determined that a special order did not excuse the notice requirements of the Pennsylvania Rules of Civil Procedure because the plaintiff had not informed the defendant's attorney of record that the plaintiff intended to request a special order, thus violating Pennsylvania Rule of Civil Procedure 440(a)(1)(i) and depriving the defendant of an opportunity to challenge the issuance of a special order. *Bayview Loan*, 2019 WL 1384530, at *4. Here, the District served Moore notice of its intent to seek a special order on July 7, 2020. *See* Mot. for Special Order, 7/17/20, Notice of Presentation. At the time, Moore was *pro se*. Therefore, the District did not violate Rule 440 or deprive Moore of an opportunity to challenge the District's Motion for Special Order. *See* Pa.R.C.P. 440(a)(2)(i) ("If there is no attorney of record, service shall be made by . . . mailing a copy to . . . the residence or place of business of the party[.]").

*see also, e.g.*, *City of Phila. v. Williams* (Pa. Cmwlth., No. 863 C.D. 2017, filed June 27, 2018) (unreported) (concluding that certain service claims in a sheriff sale case were waived on appeal).[15,16]

## CONCLUSION

Moore did not timely petition the trial court to set aside the sheriff sale of the Property. Further, we discern no apparent grounds upon which to void the sale to Maxanna. Accordingly, we affirm the trial court's order denying Moore's petition.

_____
LORI A. DUMAS, Judge

---

[15] We may cite unreported decisions of this Court for their persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[16] Absent waiver, we note further that even if Moore is correct in asserting that there were three postponements of the sale, that fact would not preclude the trial court from issuing a special order. There are no particular requirements for a special order. *See* Pa.R.C.P. 3129.3, Explanatory Comment 1989 ("[The special order exception] gives the court discretion to allow postponement of the sale without new notice in appropriate cases.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elizabeth Forward School District     :
                                    :
          v.                   :    No. 1128 C.D. 2021
                                      :

Craig A. Moore                        :
                                      :
          v.                   :
                                      :

Maxanna Properties, Inc.         :
                                      :

Appeal of: Craig A. Moore        :

## O R D E R

AND NOW, this 15th day of June, 2022, the Order of the Court of Common Pleas of Allegheny County, entered September 10, 2021, which denied the Petition to Set Aside Sheriff's Sale filed by Craig A. Moore, is AFFIRMED.

 

———————————————————
LORI A. DUMAS, Judge