**In Re: UPSET SALE TAX CLAIM
BUREAU McKEAN COUNTY
ON SEPTEMBER 10, 2007.**

**Appeal of: Rebecca Miller.**

Commonwealth Court of Pennsylvania.

Argued Dec. 8, 2008.
Decided Jan. 28, 2009.

David E. Holland, Erie, for appellant.

Joseph M. Marasco, Bradford, for appellees.

BEFORE: COHN JUBELIRER, Judge, LEAVITT, Judge (P.), McCLOSKEY, Senior Judge.

OPINION BY Judge COHN JUBELIRER.

Rebecca Miller (Purchaser) appeals from the order of the Court of Common Pleas of McKean County (trial court), which set aside a tax sale on the grounds

that there was inadequate public notice of the sale. The sole issue on appeal is whether posting notice of a tax sale on the front door of a property, which is located approximately fifty yards from a private roadway and is not visible from a public roadway, complies with Section 602(e)(3) of the Real Estate Tax Sale Law (Law).[1]

The property, a hunting camp, was jointly owned by David Haskins, John A. Haskins, and Deborah Haskins (collectively, Owners)[2] and sold at a tax upset sale to Purchaser on September 10, 2007. Owners filed Objections on December 4, 2007. Purchaser was granted the right to intervene and the matter was heard before the trial court on March 26, 2008.

The evidence presented before the trial court established that Owners were delinquent in the payment of their real estate taxes for the year 2005.[3] Owners stipulated that they received timely Notices of Return and Claim and the Notices of Sale mailed by the McKean County Tax Claim Bureau (Bureau). Owners also stipulated that the Bureau properly published the Notice of Tax Sale as required by Section 602 of the Law, 72 P.S. § 5860.602. The only issue before the trial court was whether the Bureau properly posted a Notice of Sale on the property pursuant to Section 602(e)(3).

The property fronted a private road known as Ponderosa Drive, about one quarter of a mile from the public road. Although the property was not visible from the public road, it was visible from Ponderosa Drive.

---

1. Act of July 7, 1947, P.L. 1368, *as amended,* 72 P.S. § 5860.602(e)(3).

2. There seems to be some dispute as to whether Deborah Haskins was a co-owner of the property. However, because this issue is irrelevant to the disposition of the case, we

will not address it, and we will instead defer to the trial court's opinion stating that Deborah Haskins was a joint owner of the property. (Trial Ct. Op. at 2, July 15, 2008.)

3. The property had been exposed to tax sale for the years 2001, 2002, 2004, and 2007.

On July 16, 2007, two employees of the McKean County Assessment Office posted the property with a Notice of Tax Sale (Notice). Jane Freer (Freer) testified that she and another employee, Roberta Fraes, went to the property to post the Notice. (Hr'g Tr. at 19, 22–23, March 26, 2008.) Freer testified that, on the day she posted the Notice, someone was operating a backhoe on the property. (Hr'g Tr. at 20.) Freer scotch-taped the Notice onto the wooden front door. (Hr'g Tr. at 20, 25.) The Notice was printed on standard 8½ by 11–inch paper and measured 6½ by 7 inches. After Freer taped the Notice on the front door, she photographed it and left. (Hr'g Tr. at 20–21, 25.) Freer testified that the Notice was conspicuous, that it could be seen by someone approaching the property, and that it was visible from the private road. (Hr'g Tr. at 20.) Freer also testified that the property was not visible from the public road. (Hr'g Tr. at 31.)

Owners presented the testimony of Earl Burdick (Burdick), whose house is approximately 100 yards in front of Owners' hunting camp. Burdick testified that he drove by Owners' property approximately 10–12 times after the Notice was posted, but did not see it. (Hr'g Tr. at 71–73.)

The trial court set aside the tax sale. The trial court reasoned that "[b]ecause the [N]otice was not conspicuous such that it will be seen by the public, it was not sufficient to notify the public of the tax sale." (Trial Ct. Op. at 4, July 15, 2008.) The trial court noted that the Notice was only 6½ inches by 7 inches and was taped to the front door, which stood fifty yards from the private road. The trial court found that "**the property is not visible from, and the notice cannot be read from, the public road.**" (Trial Ct. Op. at 4 (emphasis added).) Further, the trial court determined that from the distance between the front door of the property and the private road, "**one would not be able to read the notice that is the size of the notice at issue.**" (Trial Ct. Op. 4 (emphasis added).)

On appeal,[4] Purchaser argues that the trial court erred when it set aside the tax sale on the grounds that the posted Notice was not capable of being viewed or read from the public road. This Court must agree with Purchaser.

 The law "is well settled in Pennsylvania that a valid tax sale requires strict compliance with all three of the notice provisions of Section 602" of the Law[5] and

---

**4.** This Court's review "is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence." *Picknick v. Washington County Tax Claim Bureau*, 936 A.2d 1209, 1212 n. 1 (Pa.Cmwlth.2007).

**5.** Section 602 of the Law states, in pertinent part:

(a) At least thirty (30) days prior to any scheduled sale the bureau shall give notice thereof, not less than once in two (2) newspapers of general circulation in the county, if so many are published therein, and once in the legal journal, if any, designated by the court for the publication of legal notices. Such notice shall set forth (1) the purposes of such sale, (2) the time of such sale, (3) the place of such sale, (4) the terms of the sale including the approximate upset price, (5) the descriptions of the properties to be sold as stated in the claims entered and the name of the owner.

. . . .

(e) In addition to such publications, similar notice of the sale shall also be given by the bureau as follows:

(1) At least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act.

. . . .

(3) Each property scheduled for sale shall be posted at least ten (10) days prior to the sale.

72 P.S. § 5860.602.

that, if any of the notices are "defective, the sale is void." *In re Upset Price Tax Sale of September 25, 1989,* 150 Pa. Cmwlth. 191, 615 A.2d 870, 872 (1992). Strict compliance is necessary "to guard against the deprivation of property without due process of law." *In re Upset Price Tax Sale of September 10, 1990 (Sortino),* 147 Pa.Cmwlth. 52, 606 A.2d 1255, 1258 (1992).

Our Supreme Court has explained that a presumption of the regularity of an official act, herein posting, "exists until the contrary appears." *Hughes v. Chaplin,* 389 Pa. 93, 95, 132 A.2d 200, 202 (1957) (quoting *Beacom v. Robison,* 157 Pa.Super. 515, 43 A.2d 640, 643 (1945)). A property owner may create a contrary appearance and overcome this presumption by filing exceptions to the tax sale, averring that the Law's notice provisions were not strictly followed. *Sortino,* 606 A.2d at 1257. The burden then shifts to the Bureau or the purchaser to show that the Bureau strictly "complied with the notice provisions" of the Law. *Id.*

As to what is necessary to accomplish the requisite posting, Section 602 provides no specific method and only states that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." 72 P.S. § 5860.602(e)(3). While the Law is silent as to the manner of posting required, this Court has "interpreted Section 602(e)(3) to mean that the method of posting must be reasonable and likely to inform the taxpayer," as well as the public at large, "of an intended real property sale." *In re Tax Sale of 2003 Upset,* 860 A.2d 1184, 1188 (Pa.Cmwlth.2004). Precedent requires that the posting be reasonable, meaning that it must be conspicuous, likely to ensure notice, and placed for all to observe. *Sortino,* 606 A.2d at 1258. The posting must be so conspicuous that the property owner and the general public will see it.

*In re Sale of Real Estate by Montgomery Tax Claim Bureau,* 836 A.2d 1037, 1042 (Pa.Cmwlth.2003). The reason for this is two-fold. First, if made aware of the tax sale, the public is more likely to participate in the sale. *Sortino,* 606 A.2d at 1258. Public participation will increase the number of bidders, thereby improving the likelihood of recouping the delinquent taxes and providing a fair sale to the delinquent taxpayer. *Id.* Posting, likewise, serves to notify others with an interest in the property, "such as mortgage and other lien holders." *Id.*

Here, the first issue is whether the Bureau was required to post the Notice in such a manner that it would be visible from the public road. This Court does not agree with Owners that the Bureau's Notice was insufficient because it could not be seen from the public road.

To begin, the mere fact that the property was located on a private road does not necessarily mean that it was not open to public observation. Regardless of who owned the road, Ponderosa Drive was part of the system of public roads. It afforded the general public access to the property because it was used by neighbors, garbage and delivery trucks, mail carriers, visitors, and, on July 16, 2007, employees of the Bureau. The private versus public road distinction, which may be relevant in cases involving DUI's, condemnation, and zoning, is not useful here where the issue involves the visibility of a posted notice by members of the general public who use the road or are interested in purchasing the property.

Next, this Court agrees with Purchaser that the trial court erred when it required the Notice to contain print large enough to be "read" from the private road. Neither the statute nor case law requires that the notice be readable from any particular distance or road. All that is re-

quired is that the notice be conspicuous, i.e., reasonably likely to inform the taxpayer and public of the sale.

This Court has taken a practical and commonsense approach to determine whether a posting was reasonable. Each case depends on the nature and location of the property and, of course, the placement of the notice. For example, in *Lapp v. Chester County*, 67 Pa.Cmwlth. 86, 445 A.2d 1356, 1357–58 (1982), this Court held that posting of the notice on a glass door of the dwelling which faced the road sufficiently complied with the posting requirements of Section 602. However, posting a notice on a back-door of a house, which did not face a road, did not satisfy the statutory requirement because only the owner would discover the notice. *Ban v. Tax Claim Bureau of Washington County*, 698 A.2d 1386, 1388 (Pa.Cmwlth.1997). Likewise, in *Sortino*, this Court voided a tax claim sale where the posted notice was folded in half and affixed to the keyhole level of a side door obscured by the screen door. 606 A.2d at 1258. And, in *O'Brien v. Lackawanna County Tax Claim Bureau*, 889 A.2d 127 (Pa.Cmwlth.2005), a notice that was printed on standard letter-sized paper, but which was folded into thirds and wrapped around a small branch on a tree next to a road that was not passable, did not satisfy the reasonable notice standard.

Here, the record established that: (1) the Notice was taped onto the front door which faced a private road; (2) Taxpayers had other neighbors; (3) other houses fronted the road; (4) there was no evidence that the property or the surrounding dwellings were uninhabited; and (5) there was no evidence that access to the property was in any way restricted. Further, the evidence established that the Bureau complied with the 10–point minimum font size requirement set forth in Section 602(g).[6]

■ Given the circumstances, this Court concludes that the posting in this case was conspicuous and we reverse the trial court's decision that the posting was unreasonable on the grounds that it could not be seen from the public road or read from the private road. This Court also rejects Owners' contention that Burdick's testimony was sufficient evidence to support the trial court's decision that the Notice, as posted, was not conspicuous to the public and, therefore, not adequate. Contrary to Owners' position, the critical question is not whether the Notice was actually viewed by members of the public. The focus is rather on whether, given the circumstances, the Notice was placed in a location where it reasonably could be viewed by members of the public. Interestingly here, Burdick testified on cross-examination that the front door of the property could be seen from the private road. (Hr'g Tr. at 75.) Furthermore, Burdick testified that "[he] wasn't looking" for a posted notice. (Hr'g Tr. at 75.) In *Hunter v. Washington County Tax Bureau*, 729 A.2d 142, 144 (Pa.Cmwlth.1999),

6. Section 602(g) of the Law provides:
 (g) All notices required by this section other than the newspaper notice and notice in the legal journal shall contain the following provision which shall be conspicuously placed upon said notices and set in at least 10–point type in a box as follows:
 **WARNING**

 "YOUR PROPERTY IS ABOUT TO BE SOLD WITHOUT YOUR CONSENT FOR DELINQUENT TAXES. YOUR PROPERTY MAY BE SOLD FOR A SMALL FRACTION OF ITS FAIR MARKET VALUE. IF YOU HAVE ANY QUESTIONS AS TO WHAT YOU MUST DO IN ORDER TO SAVE YOUR PROPERTY, PLEASE CALL YOUR ATTORNEY, THE TAX CLAIM BUREAU AT THE FOLLOWING TELEPHONE NUMBER _____, OR THE COUNTY LAWYER REFERRAL SERVICE."
 72 P.S. § 5860.602(g).

this Court specifically held that testimony that owners who lived near the property did not see the notices posted on the property was insufficient to establish that the notices did not satisfy the statutory posting requirements.

For the aforementioned reasons, the trial court's order is reversed.

### ORDER

**NOW,** January 28, 2009, the order of the Court of Common Pleas of McKean County in the above-captioned matter is hereby reversed.