# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin O. Crespo and Angelica Crespo, : 
                    Appellants : 
                           : 
                v. : 
                           : 
Lehigh Valley Tax Claim Bureau and : No. 1169 C.D. 2016
Abijah Immanuel : Argued: December 15, 2016


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
                   HONORABLE MICHAEL H. WOJCIK, Judge
                   HONORABLE DAN PELLEGRINI, Senior Judge


<u>OPINION NOT REPORTED</u>


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI              FILED: January 5, 2017


        Edwin O. and Angelica Crespo (together, Crespos) appeal the order of the Court of Common Pleas of Lehigh County (trial court) denying their petition to set aside the tax upset sale of their property for delinquent taxes (Petition). For the reasons that follow, we affirm.


## I.

        The Crespos owned and resided at 715 Kiowa Street, Allentown, Lehigh County, Pennsylvania (Property). Because they failed to pay their 2010 and 2011 real estate and school taxes, the Lehigh County Tax Claim Bureau (Bureau) scheduled an upset tax sale of the Property to be held in September 2012

pursuant to the Real Estate Tax Sale Law (Law).[1]  However, on August 3, 2012, the Crespos and the Bureau entered an agreement staying the sale and the Crespos agreed to make installment payments on the delinquent taxes until they were current.

When the Crespos failed to pay the required installments, the Bureau mailed them notice of their default and advised them that the Property would again be listed for tax sale.  In response to that notice, Mrs. Crespo called the Bureau to arrange another stay of the sale and installment payment plan but was advised that because of the default of the prior agreement, they would not be eligible for another agreement until 2016.  The Bureau listed the Property for tax sale to occur on September 11, 2013.

On June 27, 2013, the Bureau sent to each of the Crespos, by certified mail, a notice that the Property was going to be exposed to tax sale on that date. The parties stipulated that both Mr. and Mrs. Crespo received and signed certified mail receipts for this notice.[2]  The parties also stipulated that notice of the tax sale was properly published in accordance with Section 602(a) of the Law, 72 P.S. § 5860.602(a).  On July 16, 2013, Deputy Sheriff Anthus posted notice[3] of the tax

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101–5860.803.

[2] Section 602(e)(1) of the Law, 72 P.S. § 5860.602(e)(1), provides that notice of the sale shall be given "[a]t least thirty (30) days before the date of the sale, by United States certified mail, restricted delivery, return receipt requested, postage prepaid, to each owner as defined by this act."

[3] Section 602(e)(3) of the Law, 72 P.S. §5860.602(e)(3), states that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale."

sale on the Property. On that day and then the morning and the afternoon of the next day, he also attempted to make the required personal service of the notice of the scheduled tax sale on the Crespos but was unable to do so. *See* Section 601(a)(3) of the Law, 72 P.S. § 5860.601(a)(3).[4]

On September 10, 2013, the day before the scheduled tax sale, the Bureau filed a petition in the trial court pursuant to Section 601(a)(3) of the Law to waive personal service on the Crespos. The Bureau admittedly did not serve the Crespos with a copy of this petition. The trial court granted the Bureau's petition and on September 11, 2013, Abijah Immanuel purchased the Property at the upset tax sale for $27,000 plus fees. The Crespos then filed a petition to set aside the sale claiming that the trial court erred in granting the Bureau's petition to waive personal service and that the Bureau failed to properly post the Property.

---

[4] 72 P.S. § 5860.601(a)(3). That Section provides, in pertinent part, as follows:

> No owner-occupied property may be sold unless the bureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff or his deputy. . . . The sheriff or his deputy shall make a return of service to the bureau . . . and attach a copy of the notice which was served. If such personal notice cannot be served within twenty-five (25) days of the request by the bureau to make such personal service, the bureau may petition the court of common pleas to waive the requirement of personal notice for good cause shown. Personal service of notice on one of the owners shall be deemed personal service on all owners.

## II.

At a hearing before the trial court, Deputy Sheriff Anthus testified that he had been serving and posting tax notices for the Bureau for four years. His regular procedure was to attempt to serve the taxpayer three times and that on his first attempt, he would post the notice of the tax sale by taping it to a front door or window. He also testified that he attempted to make personal service on the Crespos three times – once in the afternoon on Wednesday July 16, 2013, and twice on Thursday July 17, 2013. All three visits occurred over a period of less than 24 hours, and Deputy Sheriff Anthus did not see any signs of activity in the house. He also testified that he posted notice on the front of the Crespos' Property on his first attempt at personal service.

Tim Reeves (Reeves), the Bureau's Director of Collections, testified that the Property was scheduled for an upset tax sale in 2012, but the sale did not occur because the Crespos entered into an installment payment agreement. The Crespos failed to comply with the agreement and the Bureau sent three default letters to the Crespos before listing the Property for tax sale. Reeves testified that Mrs. Crespo contacted the Bureau in May 2013 regarding the upcoming tax sale.

Mrs. Crespo testified that she was not at home on the two days that Deputy Sheriff Anthus attempted to serve her with notice of the tax sale. She also did not receive notice of the Bureau's petition to waive personal service. On cross-examination, she testified that she contacted the Bureau in May 2013 to set up another payment plan, but the Bureau denied her request.

4

Finding that the Bureau satisfied the statutory notice requirements, the trial court denied the Crespos' Petition to set aside the sale. It rejected the Crespos' argument that personal service on them should not have been waived, reasoning that they admitted they had notice of the sale, that personal service had been attempted three times, and that the exception to personal service was "created so that parties cannot hide from actions which are brought against them. . . ." (Trial court's February 4, 2014 Order.) Based upon Deputy Sheriff Anthus' testimony, the trial court also found that the Property had been properly posted. This appeal followed.[5]

### III.

### A.

We begin with the Crespos' arguments regarding the trial court's decision granting the Bureau's petition to waive the personal service requirement. The Crespos appear to argue that the trial court erred in granting the waiver petition because it was never served on the Crespos and the order was granted *ex parte*. This argument was recently rejected in *In re: Consolidated Reports and Return by the Tax Claim Bureau of Northumberland County*, 132 A.3d 637, 652 (Pa. Cmwlth. 2016), stating:

> . . . we find no error in the trial court's decision to address the Bureau's Waiver Petition without notice to Objector. Because the ex parte process at issue concerns

---

[5] Our standard of review is limited to determining whether the trial court abused its discretion, rendered a decision lacking supporting evidence, or clearly erred as a matter of law. *In re: Upset Sale Tax Claim Bureau McKean County on September 10, 2007*, 965 A.2d 1244, 1246 n.4 (Pa. Cmwlth. 2009).

the Bureau's inability to serve Objector with notice of the tax sale, it follows that notice of an ex parte proceeding to waive service would be superfluous. Should Objector receive notice of the Waiver Petition and be given an opportunity to contest the Waiver Petition, there would be no need to waive personal service because Objector could be personally served with notice at the hearing.

As such, the Crespos' argument is without merit.

The Crespos also argue that the trial court erred in granting the waiver petition because the Bureau's three attempts at personal service in less than a 24-hour period do not constitute "good cause shown" to justify exposing their Property to tax sale without having met this notice requirement. As the Crespos point out, "[t]he law 'is well settled in Pennsylvania that a valid tax sale requires strict compliance with all three of the notice provisions of Section 602' of the Law and that, if any of the notices are 'defective, the sale is void.'" *In re: Upset Sale Tax Claim Bureau McKean County on September 10, 2007*, 965 A.2d 1244, 1246-47 (Pa. Cmwlth. 2009) (quoting *In re Upset Price Tax Sale of September 25, 1989*, 615 A.2d 870, 872 (Pa. Cmwlth. 1992)) (footnote omitted). Strict compliance with the Law's notice requirements is necessary "to guard against the deprivation of property without due process of law." *In the Matter of Tax Sale of 2003 Upset*, 860 A.2d 1184, 1187 (Pa. Cmwlth. 2004).

That being said, Section 601(a)(3) of the Law specifically provides that a tax claim bureau may seek waiver from the trial court of the personal service requirement upon good cause shown. While the Law does not define the term "good cause shown," "we focus our inquiry on whether the trial court abused its

discretion by granting the Bureau's Waiver Petition and by considering the facts of this case in light of the fundamental purpose of the Law." *Northumberland County*, 132 A.3d at 650. The intent of the Law is "to protect the local government against wilful [sic], persistent, long standing delinquents for whom we hold no brief, and to whom the appellate court decisions have consistently given short shrift." *Id.* at 650-51 (quoting *In re Return of Sale of Tax Claim Bureau (Ross Appeal)*, 76 A.2d 749, 753 (Pa. 1950)).

There is no dispute that Deputy Sheriff Anthus attempted to personally serve the Crespos on three occasions over the course of two different days. Rather, they claim that because those attempts at service occurred during a period of time less than 24 hours, more attempts needed to be made to constitute good cause to waive personal service. There is no requirement that attempted service be made over the course of days or weeks, only the attempt at service be reasonable under the circumstances. Given that service was attempted over two days, and on one of those days in the morning and afternoon and they already had notice of the sale by certified mail, the trial court did not abuse its discretion in finding that there was good cause to waive personal service. *See Northumberland County*, 132 A.3d at 651 (holding trial court did not abuse its discretion in granting waiver petition where bureau attempted personal service three times on three different days).

**B.**

The Crespos next argue that the trial court erred in determining that the Property was properly posted with notice of the sale because Deputy Sheriff

7

Anthus' testimony that he "post[ed] the notice on the front of the property" is insufficient to meet the Bureau's burden of proper posting because it is not clear whether he posted the notice on a door or window of the home, on the garage or elsewhere, and that there is no evidence that the posted notice was visible from the street or otherwise conspicuous to the owners or the public.

Section 602 of the Law does not explicitly state that a notice must be posted on the property subject to sale. It merely states that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." 72 P.S. § 5860.602(e)(3). The posting required by the Law serves two purposes. It provides notice of the impending tax sale not only to the record owner but also to the public at large. This is important for third parties whose interest may be affected, such as mortgagors or other lien holders, and it advances the goal of increasing the number of bidders for the property. With more bidders, a higher sales price, presumably, will be realized, which benefits the delinquent taxpayer. *In re Upset Price Tax Sale of September 10, 1990*, 606 A.2d 1255 (Pa. Cmwlth. 1992).

This Court has held that, "in the absence of specific statutory requirements . . . the method [of posting] used must be reasonable and such as would likely inform the taxpayer of the intended sale of the premises." *Id.* at 1258 (quoting *Lapp v. County of Chester*, 445 A.2d 1356, 1358 (Pa. Cmwlth. 1982)). A practical, commonsense approach to determining whether a posting is reasonable is based upon the specific facts of each case. *McKean County*, 965 A.2d at 1248.

In this case, the only testimony regarding posting was from Deputy Sheriff Anthus. He testified that he posted the notice to the front of the Property in accord with his regular procedure to post the notice of a tax sale on the property by taping it to a front door or window. As our Supreme Court has explained, a presumption of the regularity of an official act such as posting notice, "exists until the contrary appears." *Hughes v. Chaplin*, 132 A.2d 200, 202 (Pa. 1957) (quoting *Beacom v. Robison*, 43 A.2d 640, 643 (Pa. Super. 1945)). Once there was evidence that a posting had occurred, the burden shifted to the Crespos to establish that the notice was insufficient to give them notice or the public notice of the sale. The Crespos did not provide *any* testimony regarding posting notably, given they were the Property's occupants, they did not see the posting or that the notice was posted somewhere that was inconspicuous. Given that there was no contrary evidence that the posting was not proper, the trial court did not err in determining that the Bureau complied with Section 602's posting requirement and we affirm.

_____
DAN PELLEGRINI, Senior Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edwin O. Crespo and Angelica Crespo, :
                      Appellants :
                                  :
              v.                  :
                                    :
Lehigh Valley Tax Claim Bureau and :
Abijah Immanuel                 :  No. 1169 C.D. 2015

# **O R D E R**

AND NOW, this 5<u>th</u> day of <u>January</u>, 2017, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge