# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dickson City Auto Realty, LP          :
                                      :
                v.                    :   No. 326 C.D. 2016
                                      :   Argued:  December 12, 2016
Tax Claim Bureau of Lackawanna        :
County                                :
                                      :
Appeal of: Coben Properties, LLC      :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  January 12, 2017**

Coben Properties, LLC (Purchaser) appeals from the Order of the Court of Common Pleas of Lackawanna County (trial court) that granted a Petition to Set Aside Tax Sale (Petition) filed by Dickson City Auto Realty, LP (Taxpayer).  At issue is whether the evidence established that the Tax Claim Bureau of Lackawanna County (Bureau) properly posted the subject property in accordance with Section 602(e)(3) of the Real Estate Tax Sale Law[1] (Tax Sale Law).  Considering the Bureau's admission that the posting was improper, together with

---

[1] Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. § 5860.602(e)(3).

the testimony at the evidentiary hearing, we find there was sufficient evidence to support the trial court's decision and therefore affirm.

This case involves a Tax Upset Sale held on September 28, 2015, at which the Bureau sold Taxpayer's Property, located along Route 6, Dickson City Borough, Lackawanna County, to Purchaser. (Trial Ct. Op. at 1.) On October 22, 2015, Taxpayer filed its Petition, wherein it asserted the Property was improperly posted. (Petition ¶ 2.) In its Answer to the Petition filed October 29, 2015, the Bureau admitted the Property was not properly posted and that a constable "affixed the posting notice upon a telephone pole situated upon the situs of an unrelated parcel." (Bureau Answer ¶ 2.) On November 23, 2015, Purchaser filed its response to the Petition, averring that the Property was properly posted as evidenced by the Notice of Public Sale. (Purchaser Answer ¶ 2, and Exhibit A thereto.)

The trial court held an evidentiary hearing on December 4, 2015. At the hearing, counsel for the Bureau confirmed that the notice was not properly posted and chose not to participate further in the hearing. (Hr'g Tr. at 4-5.) Purchaser moved forward and introduced a copy of the Notice of Public Sale, which stated "Pole 9 ½" was posted on September 7, 2015. (Hr'g Tr. at 7-9; R.R. at 23a.) Purchaser presented no other evidence. Two witnesses testified on behalf of Taxpayer. Testifying first was Marlene Evans, a constable, who testified she was responsible for posting the Property and admitted she improperly did so, despite there being a number of poles in front of the Property that could have been posted. (Hr'g Tr. at 9, 12.) She also testified as to the Notice of Return and Claim, (R.R. at 24a), which shows that notice was posted on a pole near a McDonald's approximately a quarter of a mile away from the Property on November 17, 2014.

2

(Hr'g Tr. at 11-12.)  Testifying second was Attorney Matthew Perry who testified that shortly after the tax sale, he viewed the Property and found no notice posted. (Hr'g Tr. at 13.)  Neither Ms. Evans nor Mr. Perry was cross-examined by Purchaser.  (Hr'g Tr. at 12, 14.)

Based upon the evidence presented, the trial court agreed with Taxpayer that the Property was not properly posted.  Specifically, the trial court found Purchaser, standing in the shoes of the Bureau, did not show strict compliance with the Tax Sale Law's notice provisions by producing evidence or testimony that the Bureau's posting was "reasonable and likely to inform the public and the taxpayer of an intended real property sale."  (Trial Ct. Op. at 3-4 (quoting Cruder v. Westmoreland Cnty. Tax Claim Bureau, 861 A.2d 411, 416 (Pa. Cmwlth. 2004)).) As a result, the trial court set aside the tax sale through which Purchaser claims title.  (Trial Ct. Op. at 4.)  Purchaser now appeals that order.[2]

On appeal, Purchaser argues that the Notice of Public Sale, (R.R. at 23a), is uncontroverted and, as such, the presumption in favor of the tax sale's validity has not been overcome.  Purchaser dismisses the testimony of Ms. Evans as irrelevant on the grounds it dealt with a separate notice – Notice of Return and Claim – posted one year earlier.  It contends the trial court confused the Notice of Public Sale, governed by Section 602, 72 P.S. § 5860.602, and the Notice of Return and Claim, governed by Section 308(a), 72 P.S. § 5860.308(a).  Purchaser claims the testimony and evidence presented by Taxpayer dealt only with the latter notice and

---

[2] In tax sale cases, the scope of review is whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence.  Rice v. Compro Distrib., Inc., 901 A.2d 570, 574 (Pa. Cmwlth. 2006).  The trial court is the finder of fact and therefore has the exclusive authority to weigh the evidence, make credibility determinations, and draw reasonable inferences from the evidence presented.  Id.

was therefore insufficient. Finally, Purchaser asserts the trial court improperly imposed a duty or burden on it to overcome the Bureau's admission that the posting was improper.

On the other hand, Taxpayer argues it presented valid evidence to rebut the presumption that notice was proper via the testimony of Ms. Evans and Mr. Perry and that it was Purchaser who failed to produce any evidence to the contrary. According to Taxpayer, once it averred notice was deficient or defective, the burden shifted to the Bureau, or in this case Purchaser, standing in the Bureau's shoes, to demonstrate strict compliance with the notice requirements, which Purchaser did not show. With regard to the argument about the different types of notices, Taxpayer points out that the Bureau's response simply stated that notice was posted on an unrelated parcel, without identifying which notice was being referenced. Improper posting of notice was also confirmed by the Bureau's counsel at the hearing. Furthermore, immediately after Purchaser presented its lone piece of evidence – the Notice of Public Sale – and before the Notice of Return and Claim was introduced, Ms. Evans testified she did not post the Property in question.

Section 602 of the Tax Sale Law provides that, in addition to notice by mail and publication, a property scheduled for sale must also be posted at least 10 days prior to the sale. 72 P.S. § 5860.602(e)(3). The purpose behind the notice requirements is to ensure compliance with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Rice v. Compro Distrib., Inc., 901 A.2d 570, 574-75 (Pa. Cmwlth. 2006). If any of the three notices are defective, the tax sale is void. In re Upset Sale Tax Claim Bureau of

4

McKean Cnty. on Sept. 10, 2007 (Miller), 965 A.2d 1244, 1246 (Pa. Cmwlth. 2009).

There is a presumption that official acts, such as tax sales, are valid, and such presumption of regularity "exists until the contrary appears." Id. (quoting Hughes v. Chaplin, 132 A.2d 200, 202 (Pa. 1957)). A property owner may overcome this presumption by filing exceptions to the tax sale, averring that the notice provisions were not strictly followed. Id.; see also Barylak v. Montgomery Cnty. Tax Claim Bureau, 74 A.3d 414, 416 (Pa. Cmwlth. 2013). At this point, the burden shifts to the bureau to show that it strictly complied with the notice provisions. Id. In the event a purchaser seeks to have a tax sale upheld as valid, the purchaser stands in the shoes of the bureau, meaning the burden shifts to the purchaser to show strict compliance with the Tax Sale Law. Dolphin Serv. Corp. v. Montgomery Cnty. Tax Claim Bureau, 557 A.2d 38, 39 n.2 (Pa. Cmwlth. 1989), appeal denied, 575 A.2d 117 (1990).

The statute is silent as to the manner of posting, but the Court has interpreted it to mean that the method must be "reasonable" and "likely to inform" the taxpayer and public of the impending sale. Miller, 965 A.2d at 1247. "Precedent requires that the posting be reasonable, meaning that it must be conspicuous, likely to ensure notice, and placed for all to observe." Id. (citing In re Upset Price Tax Sale of Sept. 10, 1990 (Sortino), 606 A.2d 1255, 1258 (Pa. Cmwlth. 1992)).

With the above principles in mind, the trial court's decision to set aside the tax sale is supported by ample evidence and supported by the law, particularly given Purchaser did not produce any evidence, aside from the Notice of Public Sale that only vaguely referenced it was posted on "Pole 9 ½," to contradict Taxpayer's evidence. Purchaser relies heavily on a presumption of regularity it

5

contends arose by virtue of the mere introduction of the Notice of Public Sale but fails to recognize that presumption was overcome when Taxpayer challenged the adequacy of the posting in its Petition. Barylak, 74 A.3d at 416. Taxpayer not only averred defective notice, which was itself sufficient to rebut the presumption, id., but also presented unchallenged testimony from two witnesses, one of whom was responsible for posting the Property, who testified that the Property was *not* posted. (See Hr'g Tr. at 9, 12-14.) Moreover, by the time Purchaser introduced the Notice of Public Sale upon which it relies, the Bureau had already admitted that notice was not posted on the correct property, thereby effectively rebutting the presumption from which Purchaser seeks to benefit.

At this point, it became the Bureau's and/or Purchaser's responsibility to show strict compliance with the Tax Sale Law's notice provisions. Barylak, 74 A.3d at 416. The Bureau admitted the posting was improper and opted not to actively participate in the evidentiary hearing. (Bureau's Answer ¶ 2; Hr'g Tr. at 4-5.) As a result, Purchaser, as the remaining party seeking to uphold the validity of the tax sale, stood in the Bureau's shoes and was required to demonstrate strict compliance with the Tax Sale Law. Dolphin, 557 A.2d at 39 n.2. However, Purchaser did not demonstrate *strict* compliance with the statute, as it was required to do. Barylak, 74 A.3d at 416.

As the trial court stated, Purchaser "may have been able to do so if it had produced testimony or evidence indicating that the Bureau's posting of the property was 'reasonable and likely to inform the public and the taxpayer of an intended real property sale.'" (Trial Ct. Op. at 4 (quoting Cruder, 861 A.2d at 416).) Purchaser did not do so, however, despite being cautioned by the trial court that it was Purchaser's responsibility, not the Court's or the Bureau's, to cross-

6

examine the Taxpayer's witnesses. (Hr'g Tr. at 10-11.) Instead, Purchaser made a strategic decision to rest its case solely on a "bare" Notice of Public Sale with the word "pole" scrawled across it. (Trial Ct. Op. at 4.) Yet, Purchaser did not elicit any testimony as to where "Pole 9 ½" was located or even if it was located on the Property. Simply put, there was no evidence that the notice was posted someplace conspicuous on the Property, let alone that it was likely to ensure notice to the Taxpayer or public or that it was placed for all to observe. Miller, 965 A.2d at 1246 (citing Sortino, 606 A.2d at 1258). As this Court stated in In re Tax Sale of Real Property Situate in Paint Township, Somerset County, "[n]either the Bureau nor the purchaser exerted one erg of energy to overcome the [Taxpayer's] exceptions." 865 A.2d 1009, 1016 (Pa. Cmwlth. 2005). "In these circumstances, the trial court was required to find the sale of the [property] was not properly conducted." Id. Here, the trial court was likewise so confined, and for this reason, we hereby affirm.

 

 

 

_____
**RENÉE COHN JUBELIRER,** Judge

 

Judge Cosgrove did not participate in the decision in this case.

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dickson City Auto Realty, LP :
:
v. : No. 326 C.D. 2016
:
Tax Claim Bureau of Lackawanna :
County :
:
Appeal of: Coben Properties, LLC :

# **O R D E R**

     **NOW**, January 12, 2017, the Order of the Court of Common Pleas of Lackawanna County dated January 27, 2016, entered in the above-captioned matter, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge