# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Beck,                           :
                    Appellant           :
                                        :
            v.                          :  No. 205 C.D. 2017
                                        :  Argued:  November 13, 2017
Fayette County Tax Claim Bureau         :
and Stacey McCarty                      :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED:  January 3, 2018**


Richard Beck (Taxpayer) appeals from an Order of the Court of Common Pleas of Fayette County (trial court) that denied his Appeal and Request to Set Aside Tax Sale.  At issue is whether the Fayette County Tax Claim Bureau (Bureau) complied with its statutory obligation under Section 607.1 of the Real Estate Tax Sale Law[1] (Tax Sale Law) to undertake reasonable efforts to locate Taxpayer when a notice sent by certified mail was returned as unclaimed.  Finding the Bureau did not undertake any effort to locate Taxpayer, we must reverse.

The facts of this case are not in dispute.  On September 19, 2016, the Bureau sold Taxpayer's property, located at 143 Grant Street, Ohiopyle, Fayette County, to

_____

[1] Act of July 7, 1947, P.L. 1368, added by Section 30 of the Act of July 3, 1986, P.L. 351, 72 P.S. § 5860.607a.

Stacey McCarty (Purchaser) at a tax upset sale for unpaid 2014 taxes. In April 2016, as required by Section 602 of the Tax Sale Law,[2] the Bureau sent a notice of tax sale by certified mail, return receipt requested to Taxpayer at P.O. Box 34, Ohiopyle, Pennsylvania. Taxpayer lives and works in Pittsburgh but admits the post office box in Ohiopyle is the address he established to receive notices for the property, which he uses as a vacation home. He maintains he did not receive the notice, however, as he had not been to the property since the summer of 2015. The notice was ultimately returned to the Bureau marked "Return to Sender, Unclaimed, Unable to Forward."

Approximately one month after the property sold at tax sale, Taxpayer learned about the sale from a neighbor of the property, which resulted in his filing of the Appeal and Request to Set Aside the Sale. Taxpayer served the **prior solicitor** of Fayette County with his appeal but **did not serve** the current county solicitor, the Bureau, or Purchaser.[3] Unaware of the pending appeal, the Bureau issued a deed to Purchaser on December 6, 2016. Since receiving the deed, Purchaser has made approximately $13,500 in improvements to the property.

A hearing on the petition was originally scheduled for December 20, 2016, but was continued to January 5, 2017, after the trial court learned the Bureau had not been served. Following the December 20, 2016 hearing, the trial court issued an Order voiding the tax deed and directing the prothonotary to serve a copy of the

---

[2] 72 P.S. § 5860.602. Section 602(e)(1) provides that notice of the sale shall be given to the owner at least 30 days prior to the sale by United States certified mail, restricted delivery, return receipt requested. 72 P.S. § 5860.602(e)(1). Section 602 requires other forms of notice, including posting of the property and publication, which are not in dispute.

[3] Counsel for Taxpayer explained at the hearing before the trial court that it was his practice to serve only the county solicitor as a representative of the Bureau and that he was unaware that the county solicitor had changed three months earlier, as the former solicitor was still listed on the County's website. (Hr'g Tr. at 5.)

2

Order on Purchaser.  At the January rescheduled hearing, counsel for Purchaser appeared and sought to intervene, which the trial court permitted.

At the hearing, Marjory Stefanini, first assistant at the Bureau, testified concerning the Bureau's efforts to notify Taxpayer.[4]  She testified that the certified letter was sent to the post office box, and after it was returned as unclaimed, the Bureau made no additional efforts to locate Taxpayer.  She testified that if a letter is returned, the Bureau does not attempt to send out a new letter unless it comes back with a forwarding address.  She explained it is not practical to attempt to locate everyone whose letter comes back because the Bureau is dealing with more than 5,000 people.

Taxpayer testified at the hearing that he has owned the property since 1992 and opened the post office box in Ohiopyle specifically to receive notices for that property.[5]  He had the post office box for a number of years and continues to have it.  Prior to the tax sale, he was last at the property sometime during the summer of 2015, when he picked up the 2015 tax bill at the post office box, which was paid with a check that showed his Pittsburgh address.  He had no knowledge of the tax sale until he was notified by a neighbor of the property in October 2016.  He immediately went to the property and left a note on the door advising that he was going to contest the sale.

Purchaser also testified at the hearing.[6]  She testified she purchased the property at the upset sale because it was in a convenient location to her work and allowed her to spend more time with her family.  She acknowledges finding a note left by Taxpayer on October 23, 2016, which said an appeal was pending and to

---

[4] Ms. Stefanini's testimony can be found on pages 6-19 of the hearing transcript.
[5] Taxpayer's testimony can be found on pages 20-33 of the hearing transcript.
[6] Purchaser's testimony can be found on pages 34-43 of the hearing transcript.

3

contact Taxpayer's counsel, which she did. She also contacted the Bureau and was advised that Taxpayer had 30 days to appeal. She periodically checked with the Bureau to see if an appeal was filed and was told no appeal had been filed. Only after the appeal period ran did Purchaser make the improvements to the property. She learned of the appeal shortly after Christmas, when the Bureau's counsel sent her a letter advising her an appeal had been filed.

Following the hearing, the trial court issued an Opinion and Order dated January 18, 2017, denying the request to set aside the tax sale. The trial court found the Bureau complied with the requirements of the Tax Sale Law.

Taxpayer filed a timely Notice of Appeal to this Court,[7] arguing the trial court erred by failing to consider whether the Bureau satisfied its obligation under Section 607.1 of the Tax Sale Law by making reasonable efforts to locate the owner when certified mail notices were returned without signature.[8] Specifically, he argues that the Bureau undertook no effort to locate him once the letter was returned as unclaimed, despite having knowledge of his business address in Pittsburgh, which was available on the checks he sent to pay taxes in prior and subsequent years.

---

[7] In tax sale cases, our review "is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision with a lack of supporting evidence." *Rice v. Compro Distributing, Inc.*, 901 A.2d 570, 574 (Pa. Cmwlth. 2006).

[8] Taxpayer lists three issues in his Statement of Questions Involved: (1) whether the trial court failed to consider the affirmative duty of the Bureau to locate a property owner when notice is returned unsigned or unclaimed; (2) whether the trial court erred in relying on the provision of the Tax Sale Law related to physical posting of the property; and (3) whether the Bureau presented any evidence of reasonable efforts to locate Taxpayer when the notice was returned unclaimed. The first and third issues can be consolidated into one – whether Section 607.1 of the Tax Sale Law was satisfied. As for the second issue, we do not find the trial court improperly relied upon the posting requirements instead of the service requirements. The trial court merely cited the law regarding posting. It is clear from the trial court's January 18, 2017 Opinion and Order that the trial court's analysis focused on the sufficiency of the mailed notice.

The Bureau and Purchaser respond that the notice was sent to the address Taxpayer himself identified as the correct address and there was no need to go further. In addition, they argue that Taxpayer failed to serve the Bureau and Purchaser so his request to set aside the tax sale was never perfected.

In its Rule 1925(a) opinion,[9] the trial court relied on its January 18, 2017 Opinion to support its conclusion that the Bureau complied with the notice provisions of the Tax Sale Law. The trial court further noted that Taxpayer's objections to the tax sale had not been perfected because he failed to serve the Bureau, current county solicitor, or Purchaser.[10] Thus, the trial court stated it "would have dismissed [Taxpayer's] exceptions to the tax sale on these grounds, regardless of whether the Bureau complied with the notice requirements." (Trial Ct. Rule 1925(a) Op. at 4-5.)

Before we reach the issues raised by Taxpayer, we must first address whether Taxpayer's challenge to the tax sale was perfected. Bureau and Purchaser argue that the trial court was correct in finding the challenge was not perfected because Taxpayer did not effectuate service on the parties, although Bureau cites no authority for its position, and Purchaser generally cites the Rules of Civil Procedure related to

---

[9] Rule 1925(a)(1) of the Pennsylvania Rules of Appellate Procedure provides, in pertinent part:

> Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

Pa. R.A.P. 1925(a)(1).

[10] In a footnote in the original opinion, the trial court declined to address this issue given its disposition. (Jan. 18, 2017, Trial Ct. Op. at 4 n.1.)

service for support. However, we have previously stated, "a trial court is not required to follow the Pennsylvania Rules of Civil Procedure in tax sale proceedings." *In re 2005 Sale of Real Estate by Clinton Cnty. Tax Claim Bureau*, 915 A.2d 719, 723 (Pa. Cmwlth. 2007). Rather, Section 607(d) of the Tax Sale Law provides that objections or exceptions "shall be disposed of according to the practice of the court." 72 P.S. § 5860.607(d).

We begin with whether Purchaser should have been served with notice of the objections and conclude there was no requirement that Taxpayer had to serve Purchaser. Our case law establishes that a successful bidder at a tax sale, whose purchase has not been confirmed, is not a party to the action as of right; rather, the bidder must intervene in the action. *In re 2005 Sale of Real Estate by Clinton Cnty. Tax Claim Bureau*, 915 A.2d at 723; *In re Tax Sale Held September 10, 2003 by Tax Claim Bureau of the Cnty. of Lackawanna*, 859 A.2d 15, 18 (Pa. Cmwlth. 2004). At the time Taxpayer filed his challenge to the tax sale, the purchase was not yet confirmed. Taxpayer filed his Appeal and Request to Set Aside Tax Sale in November 2016, whereas the Bureau issued a deed to Purchaser one month later. Therefore, Purchaser was not yet an indispensable party to the action. *Fulton v. Bedford Cnty. Tax Claim Bureau*, 942 A.2d 240, 242 (Pa. Cmwlth. 2008).

Whether or not the Bureau should have been served is a more difficult issue. Here, it is not disputed that Taxpayer did not serve the Bureau; rather, Taxpayer served the former county solicitor with his Appeal and Request to Set Aside Tax Sale. At the hearing, counsel for Taxpayer explained the county's website had not been updated to reflect the change in solicitor. No explanation was offered for not serving the Bureau directly, other than counsel's representation that he had always just served the county solicitor. While we find it problematic that the Bureau whose

6

actions are being directly challenged was not served with the objections, under the facts of this case and given the dearth of case law related to service of objections to tax sales, we cannot conclude this prevented Taxpayer's appeal from being perfected. It bears emphasis that both the Bureau and Purchaser did appear and participate in the hearing. Thus, to the extent there was any error, it was cured when the parties appeared and participated in the hearing.[11]

Furthermore, even if we were to conclude that it was error to not serve Purchaser or the Bureau directly, the remedy is not dismissal of the action. Rather, the matter would be remanded for a new hearing. *See Serrino v. Cnty. of Luzerne Tax Claim Bureau* (Pa. Cmwlth., No. 2683 C.D. 2010, filed Dec. 28, 2011), slip op. at 10.[12] Here, the Bureau and Purchaser already participated in the hearing; therefore, any error was harmless and did not result in prejudice.

Turning to the merits of his appeal, Taxpayer argues that the Bureau did not comply with its statutory obligations. Section 602 of the Tax Sale Law provides that, in addition to posting and publication, notice of a proposed sale must also be provided to the owner by mail. 72 P.S. § 5860.602. The purpose behind the notice requirements is to ensure compliance with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Rice v. Compro Distrib., Inc.*, 901 A.2d 570, 574-75 (Pa. Cmwlth. 2006). If any of the three notices are defective, the

---

[11] While this error has been cured, what has not yet been cured is the prejudice that Purchaser suffered when she, believing no appeal had been filed, invested a significant sum of money in renovating the rundown property. Had she known of the appeal, Purchaser testified she would not have taken the steps she did. The harm Purchaser suffered is a direct result of Taxpayer's failure to, at a minimum, serve the Bureau. Therefore, Purchaser is entitled to be made whole.

[12] *Serrino* is an unreported panel decision, which is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

tax sale is void. *In re Upset Sale Tax Claim Bureau of McKean Cnty. on Sept. 10, 2007 (Miller)*, 965 A.2d 1244, 1246-47 (Pa. Cmwlth. 2009).

Section 607.1(a) imposes additional obligations on a bureau in the event the mailed notice is returned, such as here, as unclaimed. Specifically, it provides:

> When any notification of a pending tax sale or a tax sale subject to court confirmation is required to be mailed to any owner, mortgagee, lienholder or other person or entity whose property interests are likely to be significantly affected by such tax sale, and **such mailed notification is either returned without the required receipted personal signature of the addressee or under other circumstances raising a significant doubt as to the actual receipt of such notification** by the named addressee or is not returned or acknowledged at all, then, before the tax sale can be conducted or confirmed, **the bureau must exercise reasonable efforts to discover the whereabouts of such person or entity and notify him**. The bureau's efforts **shall include, but not necessarily be restricted to, a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any apparent alternate address or telephone number which may have been written on or in the file pertinent to such property.** When such reasonable efforts have been exhausted, regardless of whether or not the notification efforts have been successful, a notation shall be placed in the property file describing the efforts made and the results thereof, and the property may be rescheduled for sale or the sale may be confirmed as provided in this act.

72 P.S. § 5860.607a(a) (emphasis added). It is this provision that Taxpayer claims the Bureau violated. Based on our precedent, we are constrained to agree.

The statute provides that the Bureau must exercise reasonable efforts to locate the owner once the mailed notice is returned unclaimed. The statute lists a number of minimum actions the Bureau must undertake, including, but not limited to:

> a search of current telephone directories for the county and of the dockets and indices of the county tax assessment offices, recorder of deeds office and prothonotary's office, as well as contacts made to any

8

apparent alternate address or telephone number which may have been written on or in the file pertinent to such property.

*Id.* Here, the Bureau admits it did not take any of the above steps and, in fact, took **no** additional steps. Ms. Stefanini testified that when a letter is returned, unless it includes a forwarding address, no attempt is made to send out a new letter. (Hr'g Tr. at 14.) She reasoned it was not practical for the Bureau to search for every owner.

On appeal, the Bureau and Purchaser argue the address was, in fact, correct, thereby excusing the Bureau from taking additional steps. However, we have previously stated in *Grove v. Franklin County Tax Claim Bureau*:

> [t]he General Assembly makes no provision for instances where, as here, the Bureau had already **employed the correct address**. Given the legislature's clear statement and the mandatory nature of the statutory language, this Court is constrained to conclude that Section 607.1 applies **regardless of the correctness of the address** to which the Bureau sent the notices.

705 A.2d 162, 164 (Pa. Cmwlth. 1997) (footnote omitted) (emphasis added); *see also Maya v. Cnty. of Erie Tax Claim Bureau*, 59 A.3d 50, 56-57 (Pa. Cmwlth. 2013) (citing *Grove* and finding bureau did not make a reasonable effort to locate owner despite fact that unclaimed notice was sent to correct address).

Because the Bureau did not comply with its statutory obligation, we are constrained to reverse.

_____
**RENÉE COHN JUBELIRER,** Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Beck, : 
                    Appellant : 
                       : 
                     : 
                v. :   No. 205 C.D. 2017
                     : 
Fayette County Tax Claim Bureau : 
and Stacey McCarty : 

## O R D E R

**NOW**, January 3, 2018, the Order of the Court of Common Pleas of Fayette County, dated January 18, 2017, is **REVERSED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge