Washington County Tax Claim : 
Bureau Upset Sale: : 
September 19, 2017 : 
  : 
Anna Lee Jemison now known as, : 
Anna Lee Graves : 
  : 
        v. : 
  : 
Washington County Tax Claim : 
Bureau, Barnyard Prop LLC and : 
James Winschel : 
  : 
Appeal of: James Winschel and : No. 107 C.D. 2018
Barnyard Properties, LLC : Argued: October 15, 2018

BEFORE:     HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON          FILED: November 13, 2018

James Winschel and Barnyard Properties, LLC (together, Barnyard) appeal from the December 22, 2017 order of the Court of Common Pleas of Washington County (trial court), which voided and set aside the upset tax sale held on September 19, 2017 relative to the property identified as Parcel Number 460-009-01-01-0003-00 in Washington County (Property). We affirm.

On September 19, 2017, the Washington County Tax Claim Bureau (Bureau) conducted an upset tax sale of the Property which was then owned by Anna Lee Jemison, now known as Anna Lee Graves (Graves). Barnyard purchased the Property at the sale. On October 10, 2017, Graves filed exceptions to the upset tax sale, naming the Bureau and Barnyard as respondents and alleging that, as record owner, she was entitled to proper notice of the tax sale pursuant to the Real Estate Tax Sale Law (RETSL).[1] *See* Reproduced Record (R.R.) at 3a-4a. Graves alleged that she never received notice of the delinquent taxes, that she never received notice of the pending sale, and that the Property was not properly posted for sale. R.R. at 4a. The Bureau denied Graves' allegations. R.R. at 18a-19a. Subsequently, a hearing was held before the trial court. R.R. at 22a.

During the hearing, counsel for Graves stated that Graves' challenge was limited to the "ineffectiveness" of posting the Property. R.R. at 72a. Graves testified on her own behalf. *See* R.R. at 26a-69a. For its part, the Bureau offered the testimony of Onilee Gray, the Bureau's operations and finance manager. R.R. at 70a-81a. The Bureau also offered the testimony of Jessie Skarupa, a tax assessor for the Bureau, who purportedly posted the Property. R.R. at 81a-86a. Barnyard did not appear at the hearing.[2] At the conclusion of the hearing, the trial court directed the parties to submit findings of fact and conclusions of law within seven days. R.R. at 86a. Only Graves complied. *See* Brief in Support of Exceptions/Objections to Upset Sale, R.R. at 91a-100a; Original Record (O.R.) Item 8). Subsequently, the trial court issued its order voiding and setting aside the upset

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 – 5860.803.

[2] The Bureau's counsel stated that Barnyard's counsel had contacted him stating he was not going to appear at the hearing because of the weather. R.R. at 34a.

tax sale of the Property. R.R. at 101a. Barnyard filed a timely appeal, and the trial court then issued its opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).[3]

On appeal to this Court,[4] Barnyard argues that the trial court erred in setting aside the sale because the Bureau complied with the RETSL in conducting the sale.[5] Barnyard argues that Graves had actual notice of the sale. Barnyard claims that the posting agent testified credibly that she posted the property and that the posting was conspicuous and securely attached to the Property. Barnyard contends, therefore, that the trial court had to find, as a matter of law, that the posting complied with the RETSL. Barnyard argues that the only evidence of an ineffective posting was Graves' testimony that she did not see the posting and that the trial court erroneously relied on this testimony to conclude that the Property was not posted properly. Barnyard contends that where the testimony of the posting agent demonstrates that the notice was both conspicuous and securely attached to the property, an owner's testimony that she did not see the posting cannot be the basis to determine that the posting failed to meet the standards under the RETSL. Barnyard argues that because the Bureau complied with the requirements of the

---

[3] Judge Damon J. Faldowski presided over the hearing and issued the trial court's order. R.R. at 22a & 101a. On December 31, 2017, Judge Faldowski's term concluded. Trial Court Opinion at 1 n.1. On January 2, 2018, the matter was assigned to Judge Michael J. Lucas. *Id.* Judge Lucas authored the trial court's 1925(a) opinion. *Id.* at 10.

[4] "Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, clearly erred as a matter of law or rendered a decision unsupported by the evidence." *Piper v. Tax Claim Bureau of Westmoreland Cty.*, 910 A.2d 162, 164 n. 2 (Pa. Cmwlth. 2006).

[5] The Bureau joins Barnyard's brief. Bureau's Letter filed 6/21/18.

RETSL, the sale must be confirmed as a matter of law; therefore, the trial court erred in failing to confirm the sale.[6]

Section 602 of the RETSL requires that where property is to be exposed to an upset tax sale, the Bureau must provide notice by publication, mail and posting. 72 P.S. § 5860.602. "If any method of notice is defective, the tax sale is void." *Krawec v. Carbon Cty. Tax Claim Bureau*, 842 A.2d 520, 523 (Pa. Cmwlth. 2004). Of the three methods of notice, we address the third, *i.e.,* posting of the Property.[7]

Section 602(e)(3) of the RETSL requires that the property scheduled for sale be posted "at least ten (10) days prior to the sale." 72 P.S. § 5860.602(e)(3). The duty to post notice is mandatory. *Piper v. Tax Claim Bureau of Westmoreland Cty.*, 910 A.2d 162, 165 (Pa. Cmwlth. 2006). A valid tax sale requires strict compliance. *In re Upset Sale Tax Claim Bureau McKean Cty. on Sept. 10, 2007*, 965 A.2d 1244, 1246 (Pa. Cmwlth. 2009). "Strict compliance is necessary to guard

---

[6] The trial court states that it does not believe that Barnyard lacks standing to appeal because Graves named Barnyard as a "respondent." Moreover, Graves does not challenge Barnyard's standing. The trial court, however, submits that Barnyard waived its arguments because Barnyard did not meaningfully participate in the trial court proceedings or file post-hearing findings of fact and conclusions of law as directed by the trial court; nonetheless, the trial court states the determination is reserved for the appellate court. Trial Court Opinion at 5 n.4; *see id.* at 6 n.5. We decline to find waiver under the circumstances. Barnyard's participation was not necessarily required. The Bureau has the burden to prove strict compliance with RETSL. *Cf. In re Upset Sale Tax Claim Bureau of McKean Cty. on Sept. 10, 2007*, 965 A.2d 1244, 1247 (Pa. Cmwlth. 2009) (stating the burden is on "the Bureau *or* the purchaser to show that the Bureau strictly complied with the notice provisions of [the RETSL]") (emphasis added) (internal quotation marks omitted). Additionally, Barnyard filed a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). R.R. at 108a-10a. Therefore, we will address Barnyard's arguments.

[7] In her brief, Graves also argues that the Bureau did not comply with the requirements of the RETSL concerning notice by mail. Barnyard argues that only posting is at issue because, at the hearing, Graves' counsel allegedly "stipulated" that Graves' challenge was limited to the "ineffectiveness" of posting the Property. Barnyard's Brief at 10; *see* R.R. at 72a. Because the issue of posting is determinative, we need not address any other arguments raised by the parties.

4

against the deprivation of property without due process of law." *Id.* at 1247 (internal quotation marks omitted). "The purpose of tax sales is not to strip the taxpayer of his property but to insure the collection of taxes." *Husak v. Fayette Cty. Tax Claim Bureau*, 61 A.3d 302, 312 (Pa. Cmwlth. 2013).

"Generally, tax sales are presumed valid." *Matter of Krzysiak*, 151 A.3d 292, 297 (Pa. Cmwlth. 2016). However, a property owner may "overcome this presumption by filing exceptions to the tax sale, averring that [RETSL's] notice provisions were not strictly followed." *McKean*, 965 A.2d at 1247. "The burden then shifts to the Bureau or the purchaser to show that the Bureau strictly complied with the notice provisions of [RETSL]." *Id.* (quotation marks omitted); *see also Krzysiak*, 151 A.3d at 297.

Barnyard is correct that this Court has held that the posting of the property must be reasonable—meaning conspicuous to the owner and public and securely attached—and that whether the notice was actually seen is not determinative of whether the property was properly posted. *See Krzysiak*, 151 A.3d at 299 (affirming trial court ruling that witnesses' testimony that they did not see notice does not establish that the posted notice was not reasonably secured); *McKean*, 965 A.2d at 1246 & 1248 (holding that where neighbor testified he did not see posting, critical question was not whether notice was actually viewed by members of the public but whether, given circumstances, notice was placed in a location where it could be reasonably viewed by members of the public). However, Barnyard incorrectly asserts that the trial court relied solely on Graves' testimony that she did not see the posting to conclude that the Property was not properly posted. While the trial court did note Graves' repeated testimony that she never saw the posting, the trial court's decision was not based solely on Graves' testimony.

5

Instead, the trial court relied on Skarupa's testimony and, in particular, its inadequacies. *See* Trial Court Opinion at 8.

With respect to Skarupa's testimony, the trial court noted that Skarupa recalled posting Graves' property on three separate occasions over a five-year period but that Skarupa could not recall a specific date for posting Graves' property for this particular upset tax sale. Trial Court Opinion at 4 & 8; R.R. at 83a-84a. Additionally, we note that although Skarupa testified regarding a photograph that was purportedly of her posting of the property, she never testified as to the date of the photograph or that, of the multiple times she posted the property, the photograph was of the posting relating to the particular sale at issue here.[8] *See* R.R. at 83a-84a.

"Questions of credibility, conflicts in the evidence and the weight to assign evidence are matters for the trier of fact to resolve and will not be disturbed on appeal." *Krzysiak*, 151 A.3d at 297 (quotation marks omitted). Given Skarupa's testimony that she posted the property on three occasions over the past five years but that she could not recall the specific date she posted the property for the September 2017 sale, a factfinder could determine that the Bureau failed to establish strict compliance with the RETSL's posting requirement. In arguing that the trial court erred because the only evidence of an ineffective posting was Graves' testimony that she did not see the posting, Barnyard overlooks the fact that it was the Bureau's burden to first establish strict compliance with the posting requirements, and the trial

---

[8] Graves argues a proper foundation was not laid for the photograph. Graves, however, failed to object on these grounds at the hearing. *See* R.R. at 83a-84a. Therefore, such challenge is waived. *See Jones v. Ott*, 191 A.3d 782, 787 (Pa. 2018) (plurality) (stating, "to preserve an issue for appellate review, a litigant must place a timely, specific objection on the record"). Nonetheless, we note that the photograph itself was never admitted into evidence. *See* Hearing Transcript at 3, R.R. at 24a; Cmwlth. Ct. Order of even date herewith (striking documents from reproduced and supplemental reproduced records).

court found the Bureau's evidence insufficient to meet this burden. Because the Bureau failed to carry its burden of proof to establish strict compliance with the posting requirements of the RETSL, the trial court did not err in failing to confirm the sale.

Accordingly, we must affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Washington County Tax Claim : 
Bureau Upset Sale: : 
September 19, 2017 : 
: 
Anna Lee Jemison now known as, : 
Anna Lee Graves : 
: 
v. : 
: 
Washington County Tax Claim : 
Bureau, Barnyard Prop LLC and : 
James Winschel : 
: 
Appeal of: James Winschel and : No. 107 C.D. 2018
Barnyard Properties, LLC : 

O R D E R

AND NOW, this 13th day of November, 2018, the December 22, 2017 order of the Court of Common Pleas of Washington County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge